JAMES S. BARNES, Appellant, v. FRANK C. BARNES, Respondent.

Kansas City Court of Appeals, October 3, 1910.

APPELLATE PRACTICE: Abstract of Record. An abstract of the record to be sufficient must give to the Appellate court a true and authentic history of, at least, as much of the case as relates to the issues presented for decision, and the chief function of the record proper is to impart authenticity to that history.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Alexander Graves* and *Charles Lyons* for appellant.

(1) The court erred in sustaining said motion. The amendment is expressly allowed by article VI, chapter 8, section 663, Stat. 1899. Title, "Amending Pleadings and Proceedings." (2) The court erred in holding that the above statute did not apply to the present proceedings, notwithstanding section 675 of the statutes, being a part of said article VI. (3) The amendment should have been allowed expressly to avoid the Statute of Limitations. This is the construction placed upon the Statute of Amendments by the Supreme Court of Missouri; and upon the English statutes by the British courts. Stewart & Jackson v. Van Horne, 91 App. 655; Lottman v. Barnett, 62 Mo. l. c. 170; Maddok v. Hannett, 7 T. R. 55.

*William Aull* and *John E. Burden* for respondent.

(1) Article 3, Revised Statutes 1899, entitled "Attachments in Courts of Record," is complete within its own provisions touching the subject-matter of actions to avoid judgments rendered upon constructive notice. McGrew v. Foster, 66 Mo. 30. (2) The original petition in this cause, which was in evidence when the motion to strike out was considered by the trial court and which was abandoned by plaintiff when the amended petition was filed, was not preserved in the bill of exceptions, but appellant contended himself with including there only the motion to strike. When the original petition was abandoned the answer thereto also followed the original petition and was never preserved in the bill of exceptions by the appellant, nor was said answer ever in evidence in said cause. The said abandoned petition

and answer, not having been made part of the record by bill of exceptions, cannot be considered by this court and there is nothing before this court from which to determine whether the trial court committed error in sustaining the motion to strike out appellant's amended petition. Briscoe v. Co., 222 Mo. 114; Rule 12, Kansas City Court of Appeals. (3) The motion to affirm the judgment of the trial court, because appellant filed no transcript within the time required by law and the rules of this court, should be affirmed. Sec. 812, R. S. 1899; Vigo & Lee v. Bradford et al., 129 Mo. App. 656; McCollister v. Railroad, 129 Mo. App. 321; Harris v. Chitwood, 210 Mo. 560. (4) Appellant's abstract is insufficient and does not meet the requirements of the law and the rules of this court. The motion to affirm should be sustained. Jordon v. Railroad, 92 Mo. App. 81; Dean & Ratcliffe v. Brockman, 128 Mo. App. 77; Lawson v. Mills, 150 Mo. 428; Mason v. Smith, 124 Mo. App. 596; Ins. Co. v. Hurst, 129 Mo. App. 627; Cross v. Henderson, 129 Mo. App. 537; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 407; Bank v. Magee, 125 Mo. App. 439; Harding v. Bedall, 202 Mo. 625; Collier v. Lead Co., 208 Mo. 259; Gilchrist v. Bryant, 213 Mo. 443; In re Boeckenkamp, 127 Mo. App. 16; Clay v. Co., 200 Mo. 665; Stone & Lime Co. v. Huggins, 136 Mo. App. 209; Breimeyer v. Bottling Co., 136 Mo. App. 89.

JOHNSON, J.—This is a proceeding to review a judgment by default rendered against the petitioner, James S. Barnes, in an attachment suit prosecuted in the circuit court of LaFayette county by the respondent, Frank C. Barnes. The trial court sustained the motion of respondent to strike out an amended petition filed by the petitioner and, on his refusal to plead further, adjudged "that the petition of plaintiff, James S. Barnes, heretofore filed in said cause be and the same is dismissed, that the original judgment rendered in the case of Frank C. Barnes against James S. Barnes in this

court stand absolute and that the said Frank C. Barnes . . . recover . . . his costs herein expended," etc.

The petitioner appealed and argues that the court erred in striking his amended petition from the files and in dismissing his suit. The proceeding was initiated pursuant to the provisions of section 425 *et seq.,* Revised Statutes 1899. It is alleged in what purports to be the original and amended petition that the attachment suit "was instituted by order of publication issued out of said court under the statute in such cases made and provided and that no summons in said suit was ever served upon this plaintiff, nor did he appear to said action and that he had a good and meritorious defense to said action and was not indebted to the defendant in any sum." Respondent attacks the sufficiency of the abstract of the record filed by the petitioner to bring the rulings of the trial court and the judgment to this court for review. The appeal was taken by the "short form" and we have before us the judgment and appeal, but aside from them, we have nothing presented in an authentic and proper way. The abstract contains what are designated as an "amended petition," a "motion to strike out amended petition," an "original petition" and an "amended answer to original petition." But it contains no record entries showing when or where these so-called pleadings were filed, nor any reference to the fact (if it be a fact) that any of them was filed in the circuit court at any time. An abstract of the record to be sufficient must give to the appellate court a true and authentic history of, at least, as much of the case as relates to the issues presented for decision. Harding v. Bedoll, 202 Mo. 1. c. 630. The principal function of the record proper is to impart authenticity to that history. It is the cement that unites and binds together the component elements of the structure of the case. As well try to build a brick house without mortar as to make an abstract of the record without including any reference to essential record entries. We do not know that

any of the papers copied into the abstract were pleadings in the case and, therefore, cannot tell whether or not any error was committed. None appears on the face of the judgment—the only thing properly before us. If, as it shows the court ruled, the amended petition abandoned the cause pleaded in the original petition and attempted to substitute for it an entirely new and different cause, the court with propriety could not have done otherwise than to strike out such pleading and, on the refusal of the petitioner to plead further, to dismiss his action. This is not a case of a meager and unsatisfactory recital of essential facts in the abstract, but of an entire absence of any reference to indispensable facts.

The judgment is affirmed.

*Broaddus, P. J.,* concurs; *Ellison, J.,* dissents.