## Basham's Administrator v. Missouri Pacific Railroad Company.

(Decided February 5, 1924.)

### Appeal from Meade Circuit Court.

1. Railroads—Agent of Connecting Carrier Not Agent of Initial Carrier for Service of Process.—The Carmack Amendment (U. S. Comp. St. section 8604a), making the initial carrier of shipments on through bills of lading liable for entire damage or loss occurring on any line, did not make the agent of a connecting carrier the agent of the initial carrier for service of process.

2. Railroads—Service of Process Cannot be Had on Traveling Passenger Agent.—Service of process may not be had on a traveling passenger agent of a foreign railroad corporation having no line of railway in the state, where such agent's home and permanent place of business was in another state and he traveled into Kentucky for the purpose of advertising the merits of his road and inducing interstate passengers to travel by that route, being without authority to handle funds or to sell tickets or to make any other contract on behalf of his company.

DUDLEY C. JONES for appellant.

J. D. HARDIN, and WOODWARD, WARFIELD & DAWSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

R. L. Basham brought this suit in the Meade circuit court against the Missouri Pacific Railroad Company, the initial carrier, to recover damages to a carload of live stock that was shipped on through bill of lading issued by the Missouri Pacific Railroad Company from Leoti, Kansas, to Ekron, Meade county, Kentucky. The stock was routed and carried via the Missouri Pacific Railroad Company to St. Louis, from St. Louis to Henderson, Ky., via the Louisville & Nashville Railroad Company, and from Henderson to Ekron via the Louisville, Henderson & St. Louis Railway Company. Process was served on

Lee Tuell, who was the station agent at Ekron of the delivering carrier, the Louisville, Henderson & St. Louis Railway Company, and thereafter at Louisville on L. B. Matthews, traveling passenger agent of the Missouri Pacific Railroad Company. On motion of the Missouri Pacific Railroad Company, which appeared solely for that purpose, the return on each process was quashed. In the meantime Basham died, and the action was revived in the name of his administrator, and plaintiff having notified the court that he would take no further steps to get service on the railroad company, his petition was dismissed. Plaintiff appeals.

The shipment was interstate. The Missouri Pacific Railroad Company has no line of railway in this state. The suit was brought under the Carmack Amendment (section 8604a, U. S. Comp. Statutes, 1918), which makes the initial carrier of shipments on through bills of lading liable for the entire damage or loss, whether occurring on its own line or on the line of a connecting carrier. The object of the statute was to provide for the benefit of the shipper unity of transportation and responsibility by requiring the initial carrier receiving freight for transportation in interstate commerce to obligate itself to carry to the point of destination through connecting carriers. Its effect was to make the delivering carrier the agent of the initial carrier for the purpose of delivery. It contains no language showing any purpose on the part of Congress to make the agent of the connecting carrier the agent of the initial carrier for service of process, and has been construed by the United States Supreme Court as not having that effect. St. Louis S. W. Ry. v. Alexander, 227 U. S. 218. But it is insisted that the case under consideration is distinguishable in that the local agent of the delivering carrier transmitted direct to the initial carrier the latter's portion of the freight charges. In reply to this contention it is sufficient to say that there is no competent evidence that the local agent performed any such service for the initial carrier, and we need not inquire what would have been the effect of such service if it had been actually performed.

But it is further contended that the service on L. B. Matthews, traveling passenger agent of the Missouri Pacific Railroad Company, was sufficient. The facts are these: Matthews' home and permanent place of business are in Cincinnati. He travels in adjoining states, including Kentucky, for the purpose of advertising the merits

of his road and inducing interstate passengers to travel by that route. He is without authority to handle funds for the company or to sell tickets or to make any other contract on behalf of the company. In other words, the only business that he does is that of solicitation, and the case falls within the rule that mere solicitation will not constitute ''doing business'' in the sense that liability to service is incurred by a foreign corporation. Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530. This view is not opposed by International Harvester Co. v. Kentucky, 243 U. S. 579. On the contrary, the court in that case recognized the existing rule and added the following in order to justify the conclusion that the International Harvester Company was doing business in the state of Kentucky: ''In the case now under consideration there was something more than mere solicitation. In response to the orders received, there was a continuous course of shipment of machines into Kentucky. There was authority to receive payment in money, check or draft, and to take notes payable at banks in Kentucky.'' This conclusion makes it unnecessary to consider the circumstances under which process was served on Matthews, or to determine whether liability to such service would impose an unreasonable burden on interstate commerce within the rule announced in the recent case of Davis v. Farmers' Co-operative Equity Company, 43 Sup. Ct. Rep. 556, 262 U. S. 312, 67 L. Ed. 996.

Judgment affirmed.