THE STATE ex rel. WALLACE STATE BANK v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

In Banc, April 13, 1925.

1. **ABSTRACT: What Is.** An abstract is an abstract, and not a complete record. The cover and the title page are as much a part of the abstract as any other page, and a reference to what it contains is sufficient. It is only necessary that the abstract, taken as a whole, show the essential facts in the record.

2. ———: **Filing of Petition: Place and by Whom.** Where the cover of the abstract shows the style of the case and the name of the court from which the appeal is taken, and these things are repeated on the first inside page, and then it goes on to state that a petition was filed "in the above entitled cause" and "summons was issued" to said county for said defendant, and among other things alleged in the petition, set out in the abstract and signed by

State ex rel. Wallace State Bank v. Trimble.

plaintiff's attorney, is an allegation that said defendant "has its place of business and is doing a general banking business in said county," the abstract shows the court in which the petition was filed and by whom it was filed; and the Court of Appeals, in holding that the abstract was defective because it did not show those things, and in dismissing the plaintiff's appeal on the ground that it failed to show those things, refused to exercise its jurisdiction to hear and decide the case on its merits.

3. **MANDAMUS: To Court of Appeals: Refusal to Exercise Jurisdiction.** A court of appeals has a right to construe its own rules, and that construction is a judicial determination of a matter with which this court cannot interfere by mandamus. But where it refuses to consider a case of which the record shows it has jurisdiction, and such refusal clearly appears to be based upon a mistaken view of the facts shown by the abstract of the record, this court will by mandamus compel it to exercise such jurisdiction.

*Held*, by GRAVES, C. J., concurring, that the question whether a court of appeals should proceed with the hearing of a case is a pure question of jurisdiction, and the ultimate determination of its jurisdiction is with this court.

4. **ABSTRACT: Defective: Dismissal.** The statute (Sec. 1479, R. S. 1919) does not authorize so drastic a proceeding as a dismissal of a cause on the sole ground of some irregularity or insufficiency in the abstract of the record. It was framed for the purpose of providing means of correcting insufficient or erroneous records and was never intended to authorize the dismissal of an appeal for some informality which can easily be corrected.

Citations to Headnotes: Headnote 1: Appeal and Error, 4 C. J. secs. 2063, 2068 (Anno), 2072 (Anno). Headnote 2: Appeal and Error, 4 C. J. sec. 2067. Headnote 3: Courts, 15 C. J. secs. 291, 511. Headnote 4: Appeal and Error, 4 C. J. sec. 2380, (Anno).

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Wm. D. Bush* and *R. V. Nelson* for relator.

(1) The Court of Appeals dismissed the appeal upon the claim that appellant's abstract of record does not show where or by whom the petition was filed. The amended petition is set out in full in the abstract, and shows the parties, plaintiff and defendant. The afore-

said provisions of said abstract clearly show that the whole connected and naturally related record entries set out in the abstract, are the record entries and abstract of the record of the Circuit Court of Jackson County, Missouri, in the case between the parties shown in the caption, named in the petition, mentioned in the pleadings and motions, shown in the evidence on page 8 of the abstract, set out in the caption of the bill of exceptions, shown by the certified copy of the judgment and order granting appeal which must be read as a part of the abstract. (2) Even if the Court of Appeals was correct in its finding that the facts alleged are omitted from appellant's abstract, the court was not justified in dismissing the appeal. (a) In the first place, it makes no difference where the petition was filed. The abstract shows that the cause was tried in the Circuit Court of Jackson County; upon the pleadings set forth in full in appellant's abstract. A court of general jurisdiction trying a cause is presumed to have had jurisdiction of the case. State ex rel. Western Valve Co. v. John Gill & Sons Co., 220 S. W. 978; St. Charles Savings Bank v. Thompson, 210 S. W. 868; Schad v. Sharp, 95 Mo. 573. (b) But even if the facts were omitted, and even if such defect were the omission of a fact necessary to be shown, the Court of Appeals is not authorized to dismiss the appeal for such a super-technical defect. Gray v. Gurley, 252 Mo. 410; Wimpey v. Ledford, 177 S. W. 302. Unless the abstract is so defective as to amount to a total failure to file an abstract, the court has no jurisdiction to dismiss the appeal. State ex rel. Ry. Co. v. Smith, 172 Mo. 446; State ex rel. Light & Power Co. v. Trimble, 237 S. W. 1021. (c) If the facts were omitted from the abstract, they are supplied and the omission waived by the statement in respondent's brief. Scott v. Parkview Realty & Imp. Co., 241 Mo. 112. (d) The transcript of the judgment entry and order allowing the appeal filed in the Court of Appeals shows the style of the case and the court from which it was appealed, and thereby supplies the defects if they should exist, as said transcript must be read as

a part of the abstract.  State ex rel. v. Broaddus, 239 Mo. 359.  (e)  The caption is a part of the abstract by statue which provides that the style of the case in the appeal court shall be the same as in the trial court with the exception of the substitution of appellant or respondent as the case may be for plaintiff and defendant, and of this the court must take judicial notice.  Sec. 1470, R. S. 1919; State ex rel. v. Broaddus; 239 Mo. 359.  (f) The dismissal of appellant's appeal for the alleged error of the abstract is in direct conflict with Sec. 1276, R. S. 1919.

*Hunt C. Moore* and *Ilus M. Lee* for respondents.

The Court of Appeals properly dismissed the appeal. Sec. 1479, R. S. 1919; Rule 15 of Kansas City Court of Appeals; Barnes v. Barnes, 149 Mo. App. 546; McGuire v. Brokaw, 226 S. W. 581; Harding v. Bedoll, 202 Mo. 625; Cunningham v. School District, 215 S. W. 249.

WHITE, J.—This is a proceeding wherein the relators seeks by mandamus to compel the judges of the Kansas City Court of Appeals to set aside an order dismissing the case of Wallace State Bank, Appellant, v. Corn Exchange Bank, Respondent, to reinstate said appeal, and hear and determine the case upon its merits.

In the Circuit Court of Jackson County, the Wallace State Bank recovered judgment against the Corn Exchange Bank in the sum of $1635.74.  The defendant filed a motion for new trial which, on September 15, 1922, the trial court sustained.  Thereupon the plaintiff filed his application and affidavit for appeal to the Kansas City Court of Appeals.  The application was sustained, and the appeal allowed.  The Kansas City Court of Appeals, without considering the case upon its merits, dismissed the appeal, thus expressing the reasons of the court therefor, as follows:

"Respondent asks that the case be dismissed for the reason that appellant's abstract of the record is insufficient because it does not show where nor by whom the

petition was filed. An examination of the abstract discloses that it is in the condition claimed by respondent, and under the circumstances the appeal should be dismissed. [Sec. 1479, R. S. 1919, and Rule 15 of this court; Barnes v. Barnes, 149 Mo. App. 546; McGuire v. Brokaw, 226 S. W. 581; Harding v. Bedoll, 202 Mo. 625; Cunningham v. School District, 215 S. W. 249.]

"It is true that the purported abstract of the record contains a cover with the style of the case and the words, 'Appeal from the Circuit Court of Jackson County, Missouri, Hon. Thos. B. Buckner, Judge Division Number One,' and what appears upon the cover is again printed upon the title page of the abstract, but is not contained in the printed abstract of the record. The abstract contains the pleadings, but does not show where they were filed. The abstract begins with the following words in italics: *'State of Missouri, County of Jackson, ss. In the Circuit Court of Kansas City'* and then in a new paragraph goes on in regular type to state that the petition was filed 'in the above entitled cause,' but as to what cause this refers does not appear in the abstract. There is no showing, except possibly by inference, that the petition was filed in the Circuit Court of Jackson County, Missouri, or in any other court. It does not appear as to who were the parties to the cause of the action.

"The appeal is dismissed. *Arnold, J.,* concurs; *Trimble, P. J.,* dissents.—*Ewing C. Bland, J."*

The record on which the Court of Appeals dismissed the appeal is as follows:

"EXHIBIT IV.

"Appellant's Abstract of Record.

" (Exhibit III is bill of exceptions herein contained.)

"In the Kansas City Court of Appeals, October Term, 1923.

"Wallace State Bank, a Corporation, Appellant, vs. Corn Exchange Bank, a Corporation, Respondent. No. 14920.

"Appeal from Circuit Court of Jackson County, Missouri.

"Hon. Thos. B. Buckner, Judge Division Number One.

"Appellant's Abstract of Record.
"B. C. HOWARD,
"R. V. NELSON and
"W. D. BUSH,
*Attorneys for Appellant.*"

This is designated in the opinion as the cover of the pamphlet presented as the abstract of the record. Then follows, inside, the index, which begins as follows:

"INDEX.

"Statement ...................................... 1
"Motion for Security of Costs ................. 2
"Motion sustained ............................. 2
"Amended Petition ............................ 2
"Answer to First Amended Petition .......... 6"

and continues with the other items in the abstract.

Then follows the title page, as follows:
*"In the Kansas City Court of Appeals, October Term,*
1923.

*"Wallace State Bank, a Corporation, Appellant, vs. Corn Exchange Bank, a Corporation, Respondent.*
No. . . .

"Appeal from Circuit Court of Jackson County, Missouri.

Hon. Thos. B. Buckner, Judge Division Number One."

After that, in the body of the pamphlet, the following appears:

"Appellant's Abstract of Record.

*"State of Missouri, County of Jackson, ss.    In the Circuit Court of Kansas City.*

"Be it remembered that on the 27th day of July, 1921, *the plaintiff filed its petition in the above entitled cause and summons was issued to Jackson County for defendant Corn Exchange Bank,* and afterwards on September 14, 1921, the same being the third day of the September term, 1921, of the assignment division of said

court, the following proceedings were had in said division and entered of record in said cause, to-wit:

"Now on this day comes the defendant and files motion for security for costs herein.

"And afterwards on September 21, 1921, at and during the September term, 1921, of said court, the same being the ninth day of September term, 1921, *of the assignment division of said court, the following further proceedings were had in said assignment division and entered of record in said cause*:

"Now on this day the defendant's motion for costs is by agreement sustained and plaintiff is by the court given twenty days in which to deposit twenty-five dollars, or file a bond in lieu thereof, and now defendant is by the court given ten days in which to plead to plaintiff's amended petition. *Plaintiff files first amended petition.*

"And which said amended petition is in words and figures as follows, to-wit:

"Comes *the plaintiff, the Wallace State Bank,* and for its cause of action herein, states that it is a corporation duly organized and existing according to law and engaged in and doing a general banking business with its principal place of business located in Monte Vista, Colorado; that the *defendant Corn Exchange Bank,* is a corporation, duly organized and existing according to law and doing a general banking business with its principal place of business in Kansas City, Missouri."

Then follows the remainder of the petition with affidavit to the same, and then this entry:

"And afterwards on the 23rd day of September term, 1921, of the assignment division of said court, being Friday, October 7, 1921, the following further proceedings were had in said division and entered of record, in said cause, to-wit:

"The defendant files answer to plaintiff's first amended petition."

I.  The appeal was dismissed on the alleged ground that the abstract did not show where nor by whom the pe-

tition was filed, the court holding that the title of the case and designation of the court and the judge before whom **Abstract.** the case was pending, on the cover and on the title page of the abstract of the record, was not sufficient to apprise the Court of Appeals of those facts. An abstract is what the word imports. It is an abstract and not a complete record. It is only necessary that it should contain enough to show the essential facts in the record.

When the words "said court" and "the above entitled cause" for the sake of brevity are used they can refer to nothing except what has gone before. The title of the case and the designation of the court do not have to appear on *every page* of the abstract; the cover and the title page are as much parts of the abstract as any other pages, and a reference to what they contain is sufficient. It is a strained construction to say that the court, in examining the pamphlet presented as an abstract of the record, with the formal parts such as shown here appearing on the cover, and on the title page, should shut its eyes to the facts thus patently before them, and say that the matters which follow have no reference to those statements.

But the Court of Appeals overlooked a part of the record. It does not matter where the original petition was filed, or whether it was filed at all. The abstract shows, without reference to the title page, or to the cover, that the matter under consideration is in the County of Jackson, and in the Circuit Court of Kansas City. This statement follows:

"And afterwards, on September 21, 1921, . . . the same being the ninth day of the September Term, 1921, of the assignment division *of said court, the following proceedings were had in said division* and entered of record in said cause. . . .

"*Plaintiff files first amended petition.*

"And which said amended petition is in words and figures as follows to wit:

"Comes the *plaintiff, the Wallace State Bank,* and for its cause of action herein, states . . . that the *defendant Corn Exchange Bank,* is a corporation," etc.

Here is a sufficient designation of the court, of the judge, and of the proceeding, that a petition was filed and enough of the petition set out to show who was the plaintiff and who was the defendant. This petition is signed by the attorneys for the plaintiff. That was the petition upon which the case went to trial. A recovery similar in principal to this in the condition of the record, is State ex rel. Field v. Ellison, 277 Mo. 46, where there was a misplaced heading and this court held the abstract sufficient.

II. The question arises whether this court has authority to compel the Kansas City Court of Appeals to consider the case on its merits, on the ground that it has decided as a judicial question that the abstract of the record is insufficient. Undoubtedly a court of appeals has a right to construe its own rules, and that construction is a judicial determination of the matter with which we cannot interfere by mandamus. But it has been held in a number of cases that where the Court of Appeals refuses to consider a case of which the record shows it has jurisdiction, this court will interfere by mandamus to compel such consideration. [State ex rel. Field v. Ellison, 277 Mo. l. c. 55; State ex rel. Kansas City Light & Power Co. v. Trimble, 258 S. W. 696, l. c. 697, and cases cited.]

*Mandamus.*

In the Field case the right to compel such consideration was put upon the theory that the Court of Appeals, through a mistake of fact, had refused to take jurisdiction of a case. In this case the Court of Appeals clearly misunderstood the facts. It referred only to the filing of the original petition as failing to show where or by whom the petition was filed. The court overlooked the fact that the amended petition was shown to have been filed in the proper court and in the proper case.

State ex rel. Wallace State Bank v. Trimble.

Further, in this connection it may be said that the Court of Appeals misunderstood the record to which it refers. That is, that the statement on the title page, and on the cover, showing the "plaintiff filed his petition" in "said court" could have no meaning, except to refer to the plaintiff and the court mentioned on the cover and the title page. The repetition of those formal parts, while necessary in the petition itself, are not necessary in the abstract of the petition since the abstract is what it purports to be, "an abstract."

III. Without deciding the point, because it is unnecessary in that case, it is doubtful whether Section 1479, Revised Statutes 1919, providing for an abstract of the record, authorizes a dismissal of the appeal for failure to comply. That section provides for the filing of printed abstracts, for additional abstracts when the opposite party is dissatisfied, the manner of presenting objections to such abstracts, for procuring a full transcript of the record, and for the costs of such abstracts, etc. The sole purpose of the statute negatives the idea of a drastic penalty such as the dismissal of an appeal on account of some irregularity or insufficiency in the abstract of the record. The rule authorizing a dismissal of the appeal should apply only when no abstract at all is filed. Evidently the statute was framed for the purpose of providing means of correcting insufficient or erroneous records, and was never intended to cause a case to be disposed of on some informality which could easily be corrected. This matter is touched upon in the case of State ex rel. Light & Power Company v. Trimble, 291 Mo. l. c. 537.

For these reasons the peremptory writ is awarded. *Woodson, David E. Blair, Ragland* and *Atwood, JJ.,* concur; *Graves, C. J.,* concurs in a separate opinion; *Walker, J.,* concurs in all except Paragraph III.

GRAVES, C. J. (concurring).—I concur in the result of this opinion—whether or not a Court of Appeals

should proceed with the hearing of a case, is a pure question of jurisdiction, and the ultimate determination of its jurisdiction is with this court, and not with that court. Such court may rule against its jurisdiction, but that does not preclude this court from looking over its record, and reaching another and different conclusion; and this too upon grounds considered by the Court of Appeals. The real question is that of jurisdiction, and this we determine ourselves.