ROSE JERMAIN, EXECUTRIX OF THE ESTATE OF JOHN J. JERMAIN, DE-CEASED, RESPONDENT, v. CITY OF MILAN, APPELLANT.

Kansas City Court of Appeals. November 9, 1925.

1.—**Appeal and Error—Instructions—Where Record Did Not Show Purported Instructions, Supplied in Lieu of Original Instructions, Were Correct, the Same Will be Stricken from Record.** Where record did not show that purported instructions, supplied in lieu of original instructions claimed to have been lost, were ever presented to trial court for determination as to their correctness, and additional abstract containing certificate of trial judge showed that purported instructions were not correct reproductions of instructions given, motion to strike from record will be sustained and errors predicated upon such purported instructions will not be considered.

**2.—Same—Same—Failure of Record to Show Substituted Instructions Were Correct Reproductions of Originals Not Ground for Dismissing Appeal.** Substituted instructions, purporting to cover original instructions which became lost, not certified by trial court as correct reproductions of instructions given, **held** not ground for dismissing appeal, but errors predicated upon purported instructions will not be considered.

**3.—Same—Sufficiency of Petition to State Cause of Action May be Attacked Even After Appeal.** Sufficiency of petition to state a cause of action may be attacked even after appeal.

**4.—Same—Demurrer—Overruling Demurrer to Petition Held Proper Where Not Lacking in Any Essential Element.** Action of trial court, in overruling demurrer to petition, not disclosing fatal defect, **held** proper, where defendant failed in demurrer or brief to point out omission of essential element.

**5.—Limitation of Actions—Where, After Overruling Demurrer to Second Amended Petition, Not Filed within Statutory Period, Answer was Filed, Statute of Limitations Held Not Applicable.** In an action for death, where demurrers to original and first amended petition were not acted upon, and plaintiff by leave filed a second amended petition after lapse of year from time of death, to which defendant filed a demurrer, which was overruled, and thereupon filed an answer, held that under sections 1250, 1251 and 1252, Revised Statutes 1919, the statute of limitations provided in sections 4217, 4218 and 4219, Revised Statutes 1919, did not apply.

**6.—Appeal and Error—Where Objection to Evidence Did Not Designate Evidence Charged to Have Been Erroneously Admitted, it Cannot be Considered.** Where objection to evidence does not designate evidence charged to have been erroneously admitted, the same cannot be considered.

**7.—Death—Damages—Evidence as to Extent of Contributions Made by Deceased to Plaintiff Held Competent.** In action for death, evidence offered by plaintiff as to extent of contributions made by deceased to her, **held** competent where such item was pleaded in petition.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 786, n. 76; p. 818, n. 23; 4CJ, p. 445, n. 62; p. 505, n. 84; p. 748, n. 59. Death, 17CJ, p. 1301, n. 43; p. 1302, n. 52. Limitations of Actions, 37CJ, p. 1211, n. 15.

Appeal from Circuit Court of Adair County.—Hon. James A. Cooley, Judge.

AFFIRMED.

*Maurice P. Murphy, Davis & Asby* and *Higbee & Mills* for respondent.

*A. L. Burns, L. E. Atherton* and *Campbell & Ellison* for appellant.

ARNOLD, J.—This is an action to recover damages based upon the death of Father John J. Jermain as a result of the alleged negligence of the defendant city.

The facts shown are that defendant, a city of the fourth class, owns and operates an electric light plant and produces, sells and

distributes its product to its citizens for profit. In furtherance of said business there is maintained a central power plant, condensers, poles and wires for such distribution. Page street in said city runs east and west and there is a sidewalk along the north side thereof. Along said street and adjacent to said sidewalk defendant maintains poles upon which are strung wires through which the current of electricity so distributed is carried to consumers living beyond the point in question in this suit. It is shown that said poles carried two cross-arms, one above the other; that the upper two wires carry a high voltage, to-wit 2300, and that the two lower wires carry 110 volts. It is further shown that the wires above mentioned, at the point in question pass through the limbs of some trees which grow near the sidewalk.

At about the hour of eleven o'clock P. M. on July 9, 1922, during the progress of a severe rain and electrical storm, Father Jermain, in passing along the said sidewalk on his way home, became entangled in the loose end of one of the high voltage wires which had broken and fallen upon the sidewalk, fully charged with its load of electricity. Persons living in adjacent houses were attracted by the groans of the injured man and upon investigation they discovered him lying upon the sidewalk, his body entangled in the broken wire. He died soon after being disentangled from the wire.

The evidence shows that the wires mentioned had been rubbing against the limbs of the trees, emitting sparks and flames; that about three o'clock in the morning of the day of the accident a Mrs. Harris, living near by, seeing this condition of the wires and trees and that there was a fire burning at the point of contact, in alarm notified the manager of the power plant by telephone of the condition. No action was taken at that time to remedy the situation but later in the day, and before noon, the said manager did investigate. He testified that he discovered a small limb from one of the trees had been burned in two and had fallen to the ground. Again, on the night of the alleged electrocution, and before it occurred, Mrs. Harris again discovered sparks and fire in the same locality and again reported it by telephone to parties at the power plant.

There is testimony of one Mr. Moore, also living in the vicinity, that he witnessed the breaking of the wire between nine and ten P. M. and that the lights beyond that point were extinguished from that time. There is testimony tending to show that defendant's agents were notified that the wire at that point was severed but that nothing was done in regard to it, and that the lights between that point and the power plant continued to burn.

This suit was instituted in the circuit court of Sullivan county on August 7, 1922, and on January 1, 1923, a demurrer to the petition was filed charging failure to state a cause of action. The cause

was continued and on May 7, 1923, defendant filed its amended answer. A change of venue was granted on application of plaintiff and the cause was transferred to the circuit court of Adair county and on January 28, 1924, plaintiff filed her first amended petition.

The trial of the cause was begun on January 29, 1924, and after plaintiff had introduced some testimony, by leave of court a second amended petition was filed on February 19, 1924, and the cause was continued. Thereafter a demurrer was filed to said amended petition, alleging as grounds therefor, (1) that the petition shows on its face that the action is barred by the Statute of Limitations; (2) that the petition fails to state a cause of action; (3) that no petition stating any cause of action was filed within one year after the alleged cause of action accrued and the happening of the circumstances upon which the same is based. The said demurrer was overruled and defendant filed answer, to which plaintiff replied by general denial. The cause was thereupon tried to a jury, resulting in a verdict for plaintiff in the sum of $3500, and judgment therefor was entered accordingly. Motions for new trial and in arrest of judgment were ineffectual and defendant appeals.

At the threshold of this case, we are confronted with a motion to dismiss the appeal, charging that appellant failed to serve its brief on respondent at least twenty days before the case was docketed for hearing. This point is covered by our rule 15, which proceeds, in part, as follows: "In all cases the appellant or plaintiff in error shall file with the clerk of this court, on or before the day next preceding the day on which the cause is docketed for hearing, five copies of the printed abstract" etc. . . . . "The appellant or plaintiff in error shall also deliver a copy of said abstract, brief, points and authorities to the attorney for respondent, or defendant in error, at least twenty days before the day on which the cause is docketed for hearing . . ." Plaintiff's motion is especially directed to the clause of our rule 15 last quoted.

The cause was docketed for hearing in this court on October 5, 1925. The service copy of appellant's abstract of the record shows receipt of a copy of the same as of September 14, 1925, by Higbee & Mills, of counsel for plaintiff. The required service, therefore, seems to have been made more than twenty days before the cause was docketed for hearing, as required by our rule 15. Plaintiff's contention in this respect, therefore, is not well taken.

The second point urged in plaintiff's motion to dismiss the appeal is that defendant failed to incorporate in the record the instructions given in plaintiff's behalf, but in lieu thereof, sets out certain instructions upon which error is predicated and which defendant asserts are substantially the same as those actually given by the court. Plaintiff makes the point that defendant did not present

the purported instructions to the trial court so their correctness might be determined and properly urges that the trial court alone has power to pass upon that question. [4 C. J. 175, 213.] There is, in fact, no showing on the part of defendant that the purported instructions were ever presented to the trial court for determination as to their correctness. In fact, in plaintiff's additional abstract of the record, there is a certificate of the trial judge to the effect that defendant did not submit the purported instructions for his approval in an effort to supply the original instructions claimed to have been lost. The certificate further states: ''I have examined the purported instructions or supplied instructions of plaintiff set out in the abstract of the record of appellant on pages 100 to 102, inclusive, and that instructions Nos. 1, 2, 3 and 4, are not according to my recollection correct reproductions of the instructions given by me on behalf of the plaintiff in the trial of said cause.''

Under these circumstances, that part of plaintiff's motion to strike out the supplied instruction is well taken, and the same will not be considered on appeal. [Stevens v. Chapin, 227 S. W. 874; Larson v. Shockley, 231 S. W. 1030; State v. Gould, 246 S. W. (Mo.) 547.] However, in thus ruling, we must not be understood as holding that the entire record is a nullity, but merely that errors predicated upon the purported instructions for plaintiff will not be considered, and are out of the case. For the reasons above stated, plaintiff's motion to dismiss the appeal is overruled. [See also the recent decision of the Supreme Court in State ex rel. v. Trimble et al., 272 S. W. 72.]

Under points and authorities, defendant urges that the demurrer to the second amended petition should have been sustained on the grounds (1) that it failed to state a cause of action, (2) that it was a departure from the original and first amended petition, and (3) that the petition was not filed within one year after the death of the deceased occurred.

The general rule, as well as the rule in this State, is that the sufficiency of the petition to state a cause of action may be attacked even after appeal. A careful reading of the petition complained of fails to disclose any fatal defect; and inasmuch as defendant fails, either in the demurrer or in its brief, to point out wherein the same is lacking in any essential element, we must conclude that the action of the trial court, insofar as the second amendment of the petition is concerned, was proper. However, defendant bases its objection upon the charges that the second amended petition is a departure from the original and first amended petition; and that it was not filed within one year after the death of the deceased. It is urged that neither the original nor first amended petition states a cause of action and that defendant's demurrer to each should have been sustained; that the second amended petition, upon which the cause

was tried, was in effect the filing of a new case, and that the Statute of Limitations bars recovery thereon as provided in sections 4217, 4218 and 4219, Revised Statutes 1919.

The sections cited refer to the institution of original suits and the same apply if, and when, no further pleading is filed by the plaintiff.　　The situation in the case at bar is controlled by sections 1250, 1251 and 1252, Revised Statutes 1919.　Section 1250 reads as follows:

When a petition, answer or reply shall be adjudged insufficient, in whole or in part upon a demurrer, or the whole or some part thereof stricken out, on motion, the party may file a further pleading within such time as the court shall direct; and in default thereof, the court shall proceed with the cause in the same manner as if no such original pleading had been filed.

And section 1251 reads:

If such second petition, answer or reply be filed, and in like manner be adjudged insufficient, or 'the whole or some part thereof in like manner stricken out, the party filing such second pleading shall pay double costs, and file a like pleading *instanter;* or in default thereof, the court shall proceed with the cause in the same manner as if no second pleading had been filed.

The record herein discloses that a demurrer was filed both to the original and to the first amended petition; that these demurrers were not ruled upon by the court but that, by leave of court, plaintiff filed amended petitions.

Upon the filing of plaintiff's second amended petition, defendant filed demurrer thereto which the court overruled, and, instead of standing upon its demurrer, defendant answered and the cause proceeded to trial.　In this situation, we must hold that the Statute of Limitations does not apply, the original and first amended petitions having been filed within the statutory period.

Point 2, of defendant's points and authorities, charges that its objection to the introduction of any evidence on the part of the plaintiff should have been sustained.　This objection is based upon defendant's contention that as the original and first amended petition stated no cause of action, there was nothing to amend and, therefore, the second amended petition, upon which the cause was tried, was inadequate.　We have ruled this point against defendant's contention in what we have said above and it needs no further discussion.　We have examined defendant's citations on this point, but they do not apply to the situation presented by the record herein.

This ruling covers also defendant's point that the demurrers to plaintiff's evidence, and again at the close of all the evidence, should have been sustained.　Defendant fails to state the reason for this contention and on examination we find nothing in the record form-

ing a substantial basis therefor. This point therefore is ruled against defendant. [Wilkerson v. Ins. Co., 218 S. W. 976, 977; Brigham v. Produce Co., 220 S. W. 911, 918.]

It is further urged as reversible error that the court admitted incompetent evidence on the question of compensation. This objection merely states that "the evidence offered by plaintiff on the question of compensation was incompetent," but does not designate the evidence so charged to have been admitted. The Supreme Court in Brigham v. Prod. Co., supra, holds that under these circumstances the appellate court cannot be expected to search the record for such testimony. This ruling also was followed in Wilkerson v. Ins. Co., supra.

Appellant insists that the evidence offered by plaintiff upon the question of the extent of her recovery and the measure of damages to which she was entitled was incompetent. This objection refers to evidence offered by plaintiff as to the extent of contributions made to her, it being shown that plaintiff, Rose Jermain, had lived with Father Jermain for many years, that she was his housekeeper and that he provided for her at all times. This item was pleaded in the petition and the testimony was competent.

The remaining charges are directed to alleged errors in plaintiff's instructions, but we have already ruled these instructions are not before us, not having been preserved in the bill of exceptions. [Taylor v. Ins. Co., 260 S. W. 533, 536.]

We fail to find reversible error of record. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.