STATE EX REL. STATE HIGHWAY COMMISSION OF MISSOURI V. FRANCIS
H. TRIMBLE ET AL., Judges of the Kansas City Court of Appeals.—47 S. W. (2d) 779.

Court en Banc, March 15, 1932.

*John W. Mather, John C. Collet, Jean Paul Bradshaw* and *B. F. Boyer* for relator.

988

*Irwin & Bushman* and *Ira H. Lohman* for respondents.

GANTT, J.—Original proceeding in mandamus. Relator petitioned for our writ of certiorari, thereby seeking to have quashed the opinion of the Kansas City Court of Appeals affirming, on motion of respondent (plaintiff), the judgment of the Circuit Court of Cole County in the case of Euler v. State Highway Commission. At the same time it also petitioned for our alternative writ of mandamus to compel said Court of Appeals to set aside the affirmance of said judgment and to consider and determine said case upon the merits. On consideration of said petitions we overruled the application for our writ of certiorari, and granted the application for our alternative writ of mandamus.

In Euler v. State Highway Commission there was judgment in favor of plaintiff. Defendant appealed to the Kansas City Court of Appeals. In due time it filed in said court an abstract of the record. Immediately plaintiff filed a motion to affirm the judgment for the reason the abstract of the record proper did not show the filing of a motion for a new trial.

Thereafter, within eight days and sixteen days before the case was set for argument in the Court of Appeals, defendant filed in said court a supplemental abstract of the record showing, among other things, that at the same term of court and within four days after

verdict, defendant filed a motion for a new trial. At said time defendant also filed in said court a motion to have the supplemental abstract made a part of the abstract of the record and considered as such on a review of the case. In filing the supplemental abstract defendant (relator) proceeded on the theory that it was authorized to do so under an amendment to rule fifteen of said court adopted on March 3, 1924. The pertinent part of the amendment follows:

"If in any case a respondent or defendant in error desires to question the sufficiency of appellant's or plaintiff in error's abstract of the record because it fails to show the timely filing, . . . of the motion for new trial . . . such objections and the reasons therefor shall be served in writing on appellant or plaintiff in error, or his counsel, ten days before the day on which the cause is docketed for hearing or within ten days after the abstract is served. Any such objections not so specified shall be deemed waived and will not be considered by the court. After service of such objections and reasons, appellant or plaintiff in error shall have eight days within which to perfect his abstract of the record by filing in this court a certified copy of so much of the record proper or bill of exceptions as will show the true entries, orders or rulings with respect to which the sufficiency of the abstract of the record is challenged."

In sustaining the motion to affirm the judgment, the Court of Appeals cited its decision in Underwood v. Murphy, 286 S. W. 123, as determinative of the question. The pertinent part of the opinion in that case follows:

"1. Plaintiff has filed a motion to affirm the judgment for the reason, among others, that the abstract of the record proper, served on respondent, fails to show that a motion for a new trial was filed in the cause. The motion must be sustained, as the record proper fails to so show, although it is shown in the bill of exceptions. . . .

"2. After the motion to affirm was served and filed, defendants filed here, in connection with their suggestions in opposition to the motion to affirm, a certified copy of the record entries of the circuit court which purports to show, among other things, the filing of the motion for a new trial. This was evidently done in an effort to comply with the amendment to our Rule 15, adopted on the 3d day of March, 1924. But this is not a matter that may be corrected in this way under said rule. The abstract of the record is questioned by plaintiff because it does not show the filing of the motion for a new trial. The question we are discussing now is not as to whether the motion was filed within four days or the 'timely filing' of the motion for a new trial, as the words quoted are used in the amendment, but it is a matter as to whether there was a motion for a new trial filed at all.

"3. Plaintiff having called attention to the defect, it cannot be corrected by the defendants. [Karcher v. Jackson (Mo. Sup.), 217

S. W. 48; Brown v. O'Brien (Mo. App.), 217 S. W. 600; State ex rel. v. Bender (Mo. Sup.), 239 S. W. 833.] Defendants make no point involving anything shown in the abstract of the record proper. The motion to affirm the judgment is sustained."

In other words, the opinion holds that the "timely filing" of a motion for a new trial cannot be shown by a supplemental abstract unless the abstract of the record proper shows that such a motion was filed. It is not so provided in the amendment to the rule. If the abstract of the record proper does not show that a motion for a new trial was filed, it also does not show that such a motion was "timely filed." Therefore, the failure of the abstract of the record proper in the Euler case to show that a motion for a new trial was filed also was a failure to show that such a motion was "timely filed." It follows that under said amendment the appellant in said case, on objections made by respondent, was authorized within eight days to perfect said abstract by filing in the Court of Appeals a certified copy of that part of the record of the trial court, which showed a "timely filing" of the motion for a new trial. Of course, when said certified copy was filed it also showed that a motion for a new trial had been filed. The respondent judges have misconstrued the rule. They should set aside the order overruling the motion for a rehearing, set aside the judgment affirming the judgment of the circuit court and reinstate said cause in said court. [State ex rel. v. Smith, 172 Mo. 446, 72 S. W. 692; State ex rel. Field v. Ellison, 277 Mo. 46, 209 S. W. 107; State ex rel. v. Trimble, 308 Mo. 278, 272 S. W. 72; State ex rel. Light & Power Co. v. Trimble, 303 Mo. 284, 258 S. W. 696.] But respondents contend that we are without authority to compel a review of the case on the merits for the reason that another motion to affirm the judgment in said case and a motion to strike the bill of exceptions from the record are pending for disposition on the docket of said court.

The alternative writ commands respondents to review the case on the merits. Of course, the peremptory writ should follow the alternative writ. [State ex rel. Oil Co. v. Baggot, 96 Mo. 63, l. c. 71, 8 S. W. 737.] In this situation we should permit relator to amend the prayer of the petition. [Sec. 835, R. S. 1929; State ex rel. v. Beach, 28 S. W. (2d) 105, l. c. 108.] The petition as amended prays as follows:

"Wherefore, your petitioner prays this honorable court to award against the said Francis H. Trimble, Ewing C. Bland and Henry L. Arnold, Judges of the Kansas City Court of Appeals, a writ of mandamus commanding and requiring them that they, as members of said Kansas City Court of Appeals, do, without further excuse or delay immediately set aside the order made by them on the 4th day of May, 1931, overruling the motion for rehearing filed by the appellant (petitioner herein) in the said cause of Ernest H. Euler,

Respondent, and State Highway Commission of Missouri, Appellant, and that they vacate their said order affirming judgment heretofore made and entered in said cause (No. 17,027) in said Court of Appeals; and that the said Francis H. Trimble, Ewing C. Bland and Henry L. Arnold, as members of said Kansas City Court of Appeals, forthwith make an order reinstating said cause in said court, and that they do then proceed with said cause" in due course to a disposition of the case.

We amend the alternative writ to conform to the amended prayer of the petition, and our peremptory writ should be awarded to conform with the amended alternative writ. It is so ordered. All concur.