McConnon & Company A Corporation, Respondent, v. H. W. Kuhlmann and W. M. A. Kuhlmann, Administrators of the Estate of H. E. Kuhlmann, Deceased, Appellants.

Kansas City Court of Appeals.   January 11, 1926.

1.—Courts—Jurisdiction—Jurisdiction of Probate Court Defined.   Under sections 189 and 2542, Revised Statutes 1919, probate court has jurisdiction over all matters pertaining to probate business where the issue can be settled at law and involves a simple matter, and court may even invoke equity principles in disposing of such business, though without strictly equitable jurisdiction.

2.—Same—Same—Probate Court Had Jurisdiction of Demand Against Estate of Deceased Surety.   Under sections 189 and 2542, Revised Statutes 1919, probate court has jurisdiction of demand against estate of deceased surety or guarantor on contract of suretyship or guaranty.

3.—Witnesses—Evidence—Testimony of Officers of Plaintiff Company Held Competent Where Co-Contractor With Deceased Was Alive and Could Testify.   In action against estate on contract of guaranty or suretyship of deceased, testimony of officers of plaintiff company was competent where co-contractor with deceased was alive and could testify.

4.—Sales—In Suit Against Surety upon Accepted Contract, a Proposed Contract Rejected by Him Held Not Admissible.   In suit against surety upon accepted contract, where two proposed contracts submitted to buyer recited that each contained entire contract and did not mention each other, or purport to be unfinished, and buyer accepted one and not the other, the unaccepted contract was inadmissible.

5.—Appeal and Error—On Appeal Defense Cannot be First Raised in Reply Brief.   Defense that contract was void for want of mutuality cannot be raised for first time in reply brief.

6.—Same—Invalidity of Contract Cannot be Asserted First Time in Appellate Court.   Where case tried on theory that it was one for jury, no demurrer to evidence having been offered, and defendants requested instructions on merits, invalidity of contract could not be asserted first time on appeal.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 700, n. 77; p. 1434, n. 32. Courts, 15CJ, p. 1011, n. 85; p. 1012, n. 91; p. 1014, n. 93; p. 1015, n. 94. Executors and Administrators, 24CJ, p. 739, n. 65; p. 763, n. 30. Sales, 35Cyc, p. 83, n. 7. Witnesses, 40Cyc, p. 2301, n. 13.

Appeal from the Circuit Court of Moniteau County.—Hon. Henry J. Westhues, Judge.

AFFIRMED.

*J. B. Gallagher* for respondent.

*Embry & Embry* for appellant.

BLAND, J.—This suit, arising in the probate court of Moniteau county, is on a contract of guaranty or suretyship. There was a verdict and judgment in favor of plaintiff in the sum of $501.66 and defendants have appealed.

The facts show that plaintiff was a corporation located at Winona, Minn., and engaged in the manufacture of food and drug specialties, which it sold at wholesale prices to dealers throughout the United States. In the spring of 1921, one J. W. Asahl, of Moniteau county, desiring to become a dealer in the merchandise manufactured by plaintiff, entered into some correspondence with it in reference to the matter. Plaintiff submitted to Asahl two propositions under which it would furnish the goods to him, he to select the one he desired; one was a long written contract to be signed by plaintiff with what was termed "a letter of credit" printed in blank on the back thereof, if accepted by Asahl, the contract was to be signed by him, the letter of credit to be signed by two responsible persons; the other proposition was that plaintiff was to accept orders for goods from Asahl provided that a "letter of credit" sent him were executed by two responsible persons. Asahl elected to carry on the business merely by having the separate "letter of credit" executed and he procured H. E. Kuhlmann and D. B. Calhoun to sign the instrument on April 11, 1921. This was returned to plaintiff by Asahl and accepted by plaintiff, and Kuhlmann and Calhoun notified by it of its acceptance. The long contract with the letter of credit printed in blank on the back thereof was never executed or returned to plaintiff but was found in the effects of Kuhlmann after his death. Thereafter plaintiff sent Asahl merchandise upon orders executed by him, and at the time of the filing of the suit there was a balance due in favor of plaintiff in the sum of $520.06. In March, 1923, Kuhlmann died and this proceeding is prosecuted against his administrators.

This suit is founded upon the instrument executed by Kuhlmann and Calhoun as aforesaid. It is called a "letter of credit" but in fact it is merely a contract of guaranty or suretyship. It provides that the signers thereof—

". . . hereby jointly and severally guarantee absolutely and unconditionally at all times, payment at Winona, Minnesota, of any indebtedness to the said McConnon & Company, hereafter incurred by or for J. W. Asahl, of McGirk, State of Missouri, by reason of the sale of goods, wares, merchandise and equipment to him, from time to time, by the said McConnon & Company, regardless of his ability or willingness to pay and we hereby waive notice of any default by the said J. W. Asahl and consent to any extensions by McConnon & Company of time of payment by him.

"This undertaking shall be an open one and shall so continue at all times without respect to residence or location of business of the said J. W. Asahl, until revoked in writing by us, the undersigned sureties, notice of revocation to be served on the said McConnon & Company at its office in Winona, Minnesota.

"It is understood that there are no conditions or limitations to this undertaking, except those written or printed hereon, at the date hereof, and that after execution no alterations, change or modification hereto shall be binding or effective unless executed in writing signed by ourselves and McConnon & Company under the corporate seal of said company."

Defendants' first point is that the probate court had no jurisdiction of the subject-matter of this action. We think there is no merit in this contention. Section 189, Revised Statutes 1919, provides that "the probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate." Section 2542, Revised Statutes 1919, confers jurisdiction upon the probate court "over all matters pertaining to probate business" and therefore it is held that the probate court has jurisdiction in all such matters where the issue can be settled at law and involves a simple matter and that that court may even invoke equity principles in disposing of such business (Green v. Strother, 201 Mo. App. 418; Lietman's Ex'r v. Lietman, 149 Mo. 112, 117; Gentry v. Gentry, 122 Mo. 202, 222; Green v. Tittman, 124 Mo. 372, 379; State ex rel. v. Bird, 253 Mo. 569), but the probate court has no strictly equitable jurisdiction. [State ex rel. v. Bird, supra, l. c. 579.] We think that this suit constitutes no more than an ordinary demand against an estate and involves no complicated matter. Undoubtedly the probate court had jurisdiction. [Wabash Ry. Co. v. Ordelheide, 172 Mo. 436; Dodson, Adm'r v. Scroggs, Adm'r, 47 Mo. 285; Hess v. Sandner, 198 Mo. App. 636, 639.]

It is insisted—

"That the two McConnons, who are and were, both officers and stockholders in plaintiff company, were incompetent to testify to

matters set forth in their depositions, H. E. Kuhlmann, the surety and only defendant in this case, being dead."

The facts show in regard to this matter that Calhoun, the other party with Kuhlmann to the contract, is alive and lives in Jefferson City. As Calhoun was a co-contractor with Kuhlmann and as the former is alive and can testify, the testimony of the McConnons was competent. [Fulkerson v. Thornton, 68 Mo. 468; Vandergrif v. Swinney, 158 Mo. 527; Birdsall v. Coon, 157 Mo. App. 439, 448; Brunk v. Met. St. Ry. Co., 198 Mo. App. 243; Bank Co. v. Loomis, 140 Mo. App. 62, 75.]

It is lastly insisted that the court erred in refusing to permit defendant to introduce in evidence the paper, which we have heretofore mentioned, that was sent to Asahl and found unexecuted in the effects of Kuhlmann. In this connection defendants cite cases holding that where several instruments are made at the same time between the same parties and in relation to the same subject-matter, they will be read together as one contract, even in the absence of any reference in one to the other, though the parties are not the same, if the contracts were known to all the parties and were delivered at the same time to accomplish the same purpose. [See Advertising Co. v. Publishing Co., 146 Mo. App. 90.] However, this statement of law has no bearing upon the question raised. The paper rejected while signed by plaintiff recites not only that plaintiff had signed it but also Asahl, the "party of the second part." It was intended to be signed by Asahl if he elected to proceed under it. He did not sign it nor was the so-called letter of credit on the back thereof executed by any one. The contract sued upon recites that it contains the entire contract and a like recitation is found in the rejected paper as to its terms. They do not mention each other or purport to be unfinished, if executed. Whatever the contract between plaintiff and Asahl was, it certainly was not that recited in the unexecuted instrument. As before stated, two propositions were submitted to Asahl. The record is clear and undisputed that he accepted one and did not accept the one evidenced by the paper rejected by the court. If this contract had been executed, it would have made a difference of four or five hundred dollars in the amount of the liability of Kuhlmann.

In the reply brief, defendants raise the following point:

"In this case the plaintiff did not agree to deliver a single package of goods, and Asahl did not agree to buy a single package. The contract, or letter of credit sued on in this case is completely void for want of mutuality. . . . The letter of credit is void. It constitutes no cause of action."

Three points were raised in defendants' original brief: First, the point of jurisdiction; second, concerning the court's permitting the

McConnons to testify when Kuhlmann was dead, and, third, the re- fusal of the court to admit the unexecuted paper referred to. The point now made is a new one and cannot be first raised in a reply brief. [Buhler Mill & Elevator Co. v. Jolly, 261 S. W. 353, 355; Ridenour v. Mines Co., 164 Mo. App. 576, 600; Simmons v. Affolter and Cowan, 254 Mo. 163, 174; Austin v. Shoe Co., 176 Mo. App. 546, 557.] Aside from this, the case was tried on the theory that the case was one for the jury, no demurrer to the evidence having been offered at the conclusion of all the testimony, and defendants requested instructions on the merits. [Torrence v. Pryor, 210 S. W. 430, 432, 433.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.