MRS. CORA HOOD, APPELLANT v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONDENT.

Springfield Court of Appeals. January 16, 1933.

*M. R. Lively* of Webb City for appellant.

*Ray Bond* of Joplin, *Meservey, Michaels, Blackmer, Newkirk & Eager,* of Kansas City, for respondent.

BAILEY, J.—Plaintiff brought this suit on an industrial life insurance policy issued by defendant insurance company upon the life of Leta Tiekotter, deceased. Defendant demurred to plaintiff's amended petition upon the ground that it did not state facts sufficient to constitute a cause of action, and that plaintiff had no legal capacity or right to maintain the suit. The trial court sustained the demurrer. Plaintiff elected to stand upon her petition and refused to plead further, whereupon judgment was rendered for defendant. After an unsuccessful motion for new trial plaintiff has appealed to this court.

The sole question on this appeal pertains to the propriety of the action of the trial court in sustaining the demurrer to plaintiff's petition. This petition contains formal allegations that the policy in question was issued upon the life of Leta Tiekotter in the sum of $500, and that the said Leta Tiekotter, died on February 3, 1931,

while said policy was in full force and effect; that the due proofs of death were made and the claim for the insurance presented by plaintiff, a relative of deceased; that the policy pleaded contained the following provisions, to-wit: "IN CONSIDERATION of the payment of the weekly premium herein specified, on or before each and every Monday during the continuance of this policy or until the anniversary date of the policy immediately preceding the seventieth anniversary of the birth of the insured, will pay at its Home Office, Newark, New Jersey, immediately upon receipt of due proof of death of the insured during the continuance of this policy the amount of insurance herein specified, to the executors or administrators of the insured, unless payment be made under the provisions of the next succeeding paragraph; subject to the 'General Provisions' on the second page hereof which are hereby made part of this contract.

"FACILITY OF PAYMENT: It is understood and agreed that the said company may make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

The petition further alleges that: "under the terms of said policy, the plaintiff is the beneficiary of said policy, and was related to the deceased insured Leta Tiekotter, by blood and that by reason of the fact that the plaintiff herein is equitably entitled to recover the amount of this policy having relied upon the policy as being in force and valid incurred expenses on behalf of the insured for her burial and other expenses almost the full amount of the face value of this policy, and has paid and become personally liable for the payment of such doctor bills, burial expenses and other expenses of the deceased insured, Leta Tiekotter, and has in her possession and has had in her possession since the death of the insured, Leta Tiekotter, said policy No. 83598174, and has caused due proof of death of the insured to be made and furnished to the defendant company and has done each and every act required of the plaintiff and under the terms of the policy and the defendant company by reason thereof is liable and indebted to this plaintiff in the sum of Five Hundred Dollars, the amount named in said policy, and by reason of defendant having vexatiously refused to pay the stipulated sum in its policy, is now indebted to plaintiff for her damages in the sum of Fifty Dollars, and a reasonable attorney fee of Two Hundred Dol-

lars and six per cent interest on the sum of Five Hundred Dollars from July 1, 1931, and costs.''

It is upon a construction of the two provisions of the policy above set forth in full that the question of the sufficiency of the petition to state a cause of action must be decided. Defendant takes the position that under the terms of the policy, there being no named beneficiary, the only person that could maintain a suit upon the policy would be an administrator or executor of the estate of the insured Leta Tiekotter, deceased, and that therefore this plaintiff has no standing in court. Plaintiff contends that the word "unless" as used in the loss payable clause when considered in connection with the succeeding paragraph of the policy providing for Facility of Payment, places the executor or administrator, blood relation, relation by marriage or persons who have become liable for burial expenses, etc., on an equal basis; that the contract of insurance containing these provisions was made for the benefit of the class of persons named in the exception and thereby created a right of action in any of them under the exception; that a judgment in favor of plaintiff, would when satisfied, discharge the liability of defendant and that this action would avoid the delay and expense of administration. In support of this theory plaintiff relies upon the following cases: Ellis v. Metropolitan Life Ins. Co., 3 S. W. (2d) 397; Doty v. Western & Southern Life Ins. Co., 16 S. W. (2d) 712; Wallace v. Insurance Co., 174 Mo. App. 110, 157 S. W. 1028. But plaintiff has failed to plead herself within the protection of the law as announced on those cases. In the Ellis case (supra), decided by the St. Louis Court of Appeals, the right of plaintiff to maintain the action was never questioned. The petition in that case was somewhat similar to the petition in the case at bar. But the defendant in that case filed an answer demanding that the executor or administrator of the insured's estate be made a party and required to interplead. This was done. As between the administrator and petitioner, the trial court held that under the evidence showing that insured had requested that the insurance be paid to the person who furnished him board and lodging and the application for insurance so requested and the insured delivered the policy to such person who paid the premium thereon and furnished the insured board and lodging to an amount greater than the face of the policy, such person, as plaintiff, was in equity entitled to the proceeds of the policy as against the insured's administrator. No similar state of facts is pleaded in the case at bar and the question of the plaintiff's right to sue (not raised in the Ellis case) is directly raised by the demurrer in this case. In the Doty case (supra), also decided by the St. Louis Court of Appeals, the evidence showed that plaintiff was named beneficiary in a rider to the original insurance policy and although the rider provided that it did not affect the "facility of payment clause," yet,

in order to give effect to the rider, it was held that plaintiff was entitled, as the named beneficiary in said rider, to maintain the action, in the absence of proof that the insurance company had exercised its option and paid some other person under the facility of payment clause. The petition in the case at bar pleads no such state of facts. In the Wallace case (supra), the cause originated in justice court, where no formal pleadings are required. The evidence in that case tended to prove that the insured at the time the policy was issued had been told by the agent of the insurer that the holder of the policy could collect thereon and that it would be unnecessary to have the holder's name inserted in the policy but that it would be payable to him upon the death of the insured. The court of appeals held that this evidence, as to the promises made by the insurance company's agent, bound the company and that the holder was entitled to maintain the action. It was said that, "It is the contention of appellant that the 'facility of payment' clause merely gave the company the option to pay to one other than the executors and administrators, and that under the terms of the policy only the executor or administrator can sue to enforce the same. The latter is certainly not true in this case, where there is evidence that defendant's agent represented to plaintiff and the insured that the policy would be paid to plaintiff, if he had possession of it after the death of the insured. Beyond this, we are not concerned with this point, upon which appellant lays so much stress. We are aware of what this court has said concerning the 'facility of payment' clause in such policies in the cases referred to by learned counsel for appellant, but since plaintiff may enforce the policy, as though he were named as beneficiary therein, the effect, in general, of such a provision is immaterial to the determination of the issues in this case." [Wallace v. Insurance Company, 174 Mo. App. l. c. 120.]

It is apparent that in the case at bar no special agreement with an agent was made nor was any agreement or representation of the kind pleaded, although it is stated the policy was at insured's request left with plaintiff.

The St. Louis Court of Appeals has construed similar policy provisions to those under consideration in several other cases. The question first arose in Manning v. Prudential Insurance Company, 202 Mo. App. 124, 213 S. W. 897. In that case it was specifically held that a clause in an insurance policy providing for payment to insured's executors or administrators "unless payment were made under the facility of payment" clause (which clause is almost identical with the one in the case at bar) did not create a cause of action in the insured's sister who had paid the premiums on the policy and contributed to funeral expenses of the insured. In passing upon the question the court said: "Though reluctant so to do, we are of the opinion that we must hold that the policy in suit vests in plaintiff

no right of action against the defendant; that only the executor or administrator of the insured can maintain the action. By the terms of the contract defendant agrees to pay the executors or administrators. And it seems quite clear that the 'facility of payment' clause, supra, operates merely to give the insurance company the option to pay the amount of the insurance to any one coming within the class of persons there described, and that it does not, of itself, give to any such person a right of action on the policy. So it has been frequently ruled in other jurisdictions in passing upon policies of this character.'' [Manning v. Prudential Insurance Company, 213 S. W. l. c. 899.]

This rule was followed by that court in Walton v. Metropolitan Life Insurance Company, 232 S. W. 259, Burns v. Prudential Ins. Co., 253 S. W. 81 and Craig v. Metropolitan, 220 Mo. App. 913, 296 S. E. 209. The Manning case (supra) was also cited with approval by the Kansas City Court of Appeals in the case of Jackson v. Metropolitan Life Insurance Company, 294 S. W. 433. In 28 A. L. R. 1350 (note) it is said: ''It is generally held that facility of payment clauses in industrial life insurance policies, providing in substance that the insurer may pay the benefit to the beneficiary named, or to any other person appearing to it equitably entitled thereto, are for the benefit of the insurer, to be exercised or not at its option, and that it gives a third party to whom the insurer might have elected to pay the benefit no right to compel the insurer to make payment to him,'' citing a number of cases from various jurisdictions. The law is similarly stated in 31 C. J., pp. 969, 970.

We therefore, have no hesitancy in holding that in the absence of some special agreement pleaded, the facility of payment clause created no cause of action in plaintiff. Had the company exercised the option and by some act or word recognized rights to the proceeds in plaintiff, the situation would be different. No such allegation appears in the petition. The policy contains no provisions granting to plaintiff, as a blood relative or in any other capacity, the right to recover. We think the trial court properly sustained the demurrer to the petition and that the judgment should be affirmed. It is so ordered. *Smith, J.*, concurs; *Allen, P. J.*, not sitting.