STATE OF MISSOURI at the relation of DORRIT SMITH, Relatrix, v. MILTON J. HULL, Judge of the Probate Court of Nodaway County, and ELLIS BEAVERS, Judge of the Circuit Court of Nodaway County.—152 S. W. (2d) 106.

Division One, June 12, 1941.

*John Muster* and *Livengood & Weightman* for relatrix.

50

*J. Dorr Ewing, Charles R. Bell* and *Wright & Ford* for respondents.

██ GANTT, P. J.—Action in mandamus originating in a Court of Appeals. In an opinion filed, that court denied a peremptory writ. On a dissent, the case was transferred to this court. [State v. Hull, 147 S. W. (2d) 214; Sec. 6, Art. VI, Const.]

Relatrix seeks to compel the probate judge and the circuit judge of the county to remove Hinton & Robinson as administrators *de bonis non*, with the will annexed, of the estate of Lewis J. Neal, deceased, and appoint her administratrix of said estate and thereafter make no order affecting her appointment as sole administratrix.

She filed in the Court of Appeals a motion to strike certain allegations of fact from the return to the amended alternative writ. The agreed statement of facts contains said allegations and states that the same are "involved in a decision of this cause." If so involved, the motion to strike must be overruled. The material facts follow:

Lewis J. Neal died testate, leaving a widow and ten children, including relatrix. He gave the widow all the personal property and the use of the farm as long as she lived and did not marry. On the death or marriage of the widow, he directed a sale of the farm and the proceeds equally divided among the children, subject to charges against certain shares. The widow administered the estate and was finally discharged. She did not marry and at her death the farm was all that remained of the estate. After the death of Lewis J. Neal, and during the life of the widow, the interests of certain children in the farm were sold under deeds of trust or execution or voluntarily conveyed. Relatrix was adjudged a bankrupt and her interest in the farm was sold by the trustee in bankruptcy, who executed a trustee's deed to the purchaser. On the oral argument the relatrix stated that litigation was pending to determine the validity of these conveyances.

██ The probate court, within thirty days of the death of the widow, appointed Hinton & Robinson administrators *de bonis non*, with the will annexed, of the estate of Lewis J. Neal, deceased. The appointment was without notice to the children, who had not filed written renunciations of their right to administer the estate. [Secs. 7, 8, 9 and 47, R. S. 1939.] Thereafter eight of the children filed a motion for the removal of Hinton & Robinson. Thereafter relatrix filed an application for letters of administration *de bonis non*, and therewith filed a written renunciation of all the children residing in

Missouri except one who was served with a citation. On the affidavit of Hinton & Robinson disqualifying the probate judge in the action to remove them as administrators, the motion to remove the administrators and the application of relatrix for letters of administration were transferred to the circuit court. [Sec. 2444, R. S. 1939.] In the circuit court the motion to remove Hinton & Robinson was overruled, and the application of relatrix for letters of administration was denied. Under the affidavit disqualifying the probate judge in the action to remove the administrators, the probate court was without authority to transfer the application of relatrix for letters of administration to the circuit court. It follows that the circuit court was without jurisdiction to rule the application of relatrix for letters of administration, and the same is pending in the probate court for consideration. The sections for consideration follow:

"Letters of administration shall be granted: First, to the husband or wife; secondly, to those who are entitled to distribution of the estate, or one or more of them, as the court or judge or clerk in vacation shall believe will best manage and preserve the estate: *Provided, however,* if the court, or judge in vacation, should believe no one of such persons entitled to administer is a competent and suitable person, some other person than those above mentioned may be appointed." [Sec. 7, R. S. 1939.]

"Administrators *de bonis non,* when appointed.—If . . . after final settlement of an estate is had and the executor or administrator has been discharged . . . letters of administration of the goods remaining unadministered shall be granted to those to whom administration would have been granted, if the original letters had not been obtained; and the administrator shall perform the like duties and incur the like liabilities as the former executors or administrators." [Sec. 47, R. S. 1939.]

██ It will be noted that under Sec. 47 the probate court, in appointing an administrator to continue administration, must give preferential consideration, as provided in Sec. 7, to those entitled to distribution. Even so, said court is not compelled to appoint either of the distributees, for in 1917, Sec. 7 was amended by adding the proviso. [Laws of Mo. 1917, p. 93.] Prior to the amendment, said court was without discretion in the matter. Under the proviso it is required to determine if those preferred by Sec. 7 or either of them are suitable and competent to administer the estate. In other words, the probate court is required to exercise a discretion which, if not abused, cannot be interfered with by mandamus. Furthermore, said discretion cannot be controlled by those entitled to preference under the statute.

██ Furthermore, if relatrix were appointed administratrix, this court is without authority to command the probate court to make no

order affecting her appointment, for, during administration, she might be subject to removal for misconduct under Sec. 43, R. S. 1939.

We now consider the amended alternative writ. In substance, it commands respondents (a) to vacate all orders pertaining to the appointment of Hinton & Robinson administrators; (b) appoint relatrix sole administratrix of the estate of Lewis J. Neal, deceased; (c) and thereafter make no order in anywise affecting her appointment as sole administratrix of said estate.

As above stated, this court is without authority to compel respondents to appoint relatrix administratrix, and, if appointed, to compel them to make no order affecting said appointment. Thus we are confronted with the rule that the peremptory writ must substantially conform to the alternative writ. Under the modern rule the alternative writ may be amended by leave, or of the court's own motion. [Sec. 987, R. S. 1939; State ex rel. Whitehead v. Wenon, 326 Mo. 352, 357, 32 S. W. (2d) 59; State ex rel. Oil Co. v. Baggott, 96 Mo. 63, 71, 8 S. W. 737; State ex rel. Dilliner v. Cummins, 338 Mo. 609, 617, 92 S. W. (2d) 605; State ex rel. Highway Comm. v. Trimble, 329 Mo. 987, 47 S. W. (2d) 779.]

However, relatrix did not, in the Court of Appeals or in this court, ask leave to amend the alternative writ by striking therefrom the allegations commanding respondents to appoint her administratrix, and, if appointed, to make no order affecting said appointment. Furthermore, the record considered, this court would not be justified in amending the writ of its own motion. In this situation the question of the validity of the appointment of Hinton & Robinson as administrators should not be considered in this action.

The peremptory writ should be denied. It is so ordered. All concur.