CHARLES KERR, ADMINISTRATOR OF THE ESTATE OF ORA ALFRED KERR, RESPONDENT, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT, OLIVE MAE KERR, FERN M. KARNER AND ORA DEAN KERR, CROSS-CLAIMANTS, APPELLANTS.—194 S. W. (2d) 706.

Springfield Court of Appeals.   May 17, 1946.

*John W. Hudson* and *Haywood Scott* for appellants.

*Roy Coyne* and *Norman, Foulke & Warten* for respondent.

FULBRIGHT, P. J.—For convenience we will refer to the parties as they were designated in the court below.

This is an action by plaintiff, Charles Kerr, Administrator, against defendant insurance company and certain cross-claimants, who are made defendants by order of the court, upon two insurance policies heretofore issued by defendant. Judgment was for plaintiff and cross-claimants appeal.

The petition is in two counts, in conventional form and alleged that the policies carried a double indemnity clause in the event of accidental death and that the insured was accidentally killed on the 14th day of December, 1942. An answer was duly filed by defendant in the nature of a bill of interpleader, admitting the allegations in plaintiff's petition and stated that it was ready to pay the proceeds of the policies but that one Fern Marie Karner had filed proof of death and had surrendered the policies and receipt books and had made claim as daughter of deceased for the proceeds of the policies. It was further alleged that defendant had been advised that the deceased had a son and an ex-wife living at the time of his death and that they also were claiming some interest in the policies and that defendant was not advised of the rights of the respective parties to the proceeds and prayed permission to pay the money into the court; that all claimants be made parties to the suit and that the court determine who should be entitled to the proceeds of said policies. Thereupon the court ordered process to be issued and served on Fern Marie Karner, Ora Dean Kerr and Olive Mae Kerr, requiring them to answer the bill of interpleader theretofore filed by defendant insurance company.

Plaintiff, Administrator, filed a reply to the answer of defendant and Olive Mae Kerr and her children, Fern Marie Karner and Ora Dean Kerr, filed answer and cross-claim to defendant's bill of interpleader, alleging that at all times therein mentioned they were residents of the State of Missouri. They denied that plaintiff was duly appointed administrator of said estate for the reason that said Probate Court failed to give the mandatory notice to the children of the deceased to appear and apply for letters of administration, as required by the Statutes. Cross-claimants further alleged that Olive Mae Kerr had caused the life of her said husband to be insured with the defendant for her sole benefit and that at the time of the procurement of said insurance Olive Mae Kerr was advised by the defendant that if she paid the premiums on said policies she would be the beneficiary under said policies by reason of the facility payment clause in said policies; that the said Olive Mae Kerr had relied on the promises of defendant, had paid all the premiums, that the defendant had knowledge that she was so paying the premiums and accepted the payments with knowledge that the said Olive Mae Kerr believed herself to be

the beneficiary. The answer of cross-complainants further alleged that if the said Olive Mae Kerr was not the beneficiary under said policies that the said policies were incorrectly written and that they do not express the intent and purpose of the parties, but were issued by defendant and received by Olive Mae Kerr under a mutual mistake of fact; that the defendant knew it was the intention of Olive Mae Kerr to have said policies issued to her as beneficiary and that if said policies are otherwise written they do not express the true intent of the parties and asked that said policies be reformed accordingly. It is further alleged that at the time of the separation of the said Olive Mae Kerr and the deceased, (her husband) that he had handed the said policies to her and told her that she could keep the same and that he would make no claim to them; that the said Olive Mae Kerr had so kept the policies, paid the premiums thereon, does now have the policies in her possession and asked the court to declare her to be the sole beneficiary under said policies.

Replying to the cross-claim, defendant filed a general denial and plaintiff filed a reply denying the allegations of the cross-claim and pleaded waiver and estoppel as to Olive Mae Kerr.

The evidence shows that on August 6, 1926, the Prudential Insurance Company of America issued two industrial insurance policies on the life of Ora Alfred Kerr, each in the amount of $500 and containing a double indemnity clause in the event of accidental death; that at the time, the said Ora Alfred Kerr and Olive Mae Kerr were husband and wife and resided in Kansas City, Missouri. They had two children, Fern Marie Kerr, now Karner, a daughter and Ora Dean Kerr, a son. The husband and wife were separated in the summer of 1940 and on the 9th day of January, 1941, a divorce was granted to the wife by the Circuit Court of Jackson County. After the divorce Ora Alfred Kerr moved to Jasper County, Missouri, near Asbury, and there resided with his father, Charles Kerr, until his death, which resulted from an automobile accident in Jasper County, Missouri, December 14, 1942. It is shown that he had never remarried. The evidence further tends to show that plaintiff had never had the policies or receipt books in his possession and had no knowledge of them prior to the death of his son. Letters of Administration, which were issued to plaintiff March 11, 1944, and the two policies of insurance were introduced in evidence. The policies read in part as follows:

"In Consideration of the payment of the weekly premium herein specified, on or before each and every Monday during the continuance of this Policy or until the anniversary date of the Policy immediately preceding the seventieth anniversary of the birth of the Insured, will pay at its Home Office, Newark, New Jersey, immediately upon receipt of due proof of the death of the insured during the continuance of this Policy, the amount of insurance herein speci-

fied, to the executors or administrators of the Insured, unless payment be made under the provisions of the next succeeding paragraph; subject to the 'General Provisions' on the second page hereof, which are hereby made part of this contract.

."Facility of Payment.—It is understood and agreed that the said Company may make any payment or grant any non-forfeiture provision provided for in this Policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial, or for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied."

Cross-claimants introduced in evidence the entire record of the probate court proceedings concerning the estate of deceased to show the absence of any citation to deceased's son, Ora Dean Kerr, or any renunciation by the son of the right to serve as administrator. It is shown that deceased's daughter, Fern Marie Karner, was given a citation and applied for letters of administration, but failed to qualify; that thereafter, plaintiff was appointed by the probate court as administrator of the estate of Ora Alfred Kerr, deceased, who, as such administrator, filed this suit.

It is undisputed that Ora Dean Kerr was a minor son of deceased, and was not in the State of Missouri at the time of his father's death or any time subsequent thereto and prior to the institution of this suit, he being at all such times in the military service of the United States. It is also undisputed that Ora Dean Kerr and Fern Marie Karner were the only persons entitled to distribution and within the permitted class.

The trial court admitted the testimony of Olive Mae Kerr subject to plaintiff's objections. She testified in substance that she was the divorced wife of deceased and at the time of the divorce she received custody of the minor son; that the son had continuously maintained his residence with her in Kansas City after the divorce and prior to entering the United States Army; that she caused the policies in issue to be taken out with the consent of her husband and with the understanding that she would pay the premiums; that she had kept them continuously in her possession until they were surrendered to the insurance company; that at the time they were taken out she inquired of the agent as to the beneficiary under the said policies and the agent told her that who ever held the premium books and the policies and paid the premiums was the beneficiary to those policies; that

relying thereon she paid all the premiums on the policies; that after the divorce she went to the superintendent of the defendant insurance company in Kansas City and told him of the divorce and that she had the policies, had paid the premiums on them and wanted to know if she should continue paying on them and what would happen in the case of the death of insured, and he told her: "Go right ahead and pay them (the premiums) and in case of death you are the beneficiary." She further testified that after the divorce she continued to pay all premiums until the death of insured; that after his death an agent of the company requested her daughter, Fern Marie Karner, to execute proof of death and claim; that Mrs. Kerr acquiesced to the arrangement and signed her rights over to her daughter. Proof of death and claim were filed and the policies and receipt books were surrendered to the company; that later the daughter secured the return of the policies from the company and gave them back to her; that she had taken the policies out originally with the consent of her husband with the understanding that she would pay the premiums; that after they were separated the husband handed her the policies saying: "Here are your insurance policies. You keep them up all the time. They are yours. I don't want them and you take care of them."

Mrs. Karner testified that after the divorce had been granted she heard her father say to her mother, in her mother's home, when speaking about the policies: "I want you to keep these. It is yours and pay the premiums and you can have it."

Thereafter, at the close of all the evidence, the court sustained plaintiff's objection to all of the testimony of Olive Mae Kerr concerning matters arising prior to the appointment of the administrator, with this comment: "I don't believe that testimony is properly admissible."

This is a proceeding in equity. [Ellis v. Metropolitan Life Insurance Co., 3 S. W. (2d) 397.] It was tried as such in the lower court and will be so considered here.

Moreover, it is held in the case of Steinhoff v. Kinder et al., 186 S. W. (2d) 600, loc. cit. 602: "In an equity case the court is not required to reverse the judgment because of the chancellor's incorrect rulings on evidence. On appeal, the court considers such evidence in the record as deemed admissible, and excludes from consideration evidence improperly admitted and reaches its judgment on the competent evidence offered without regard to the trial chancellor's ruling. [Lanphere v. Affeld et al. (Mo. Sup.), 99 S. W. (2d) 36, loc. cit. 39, and cases there cited.]" And, "Although cases such as the one at bar are tried de novo by us, and it is proper to consider the weight of the evidence, this court will usually defer to the findings of the trial judge on disputed questions of fact, and especially so when the evidence is close. [Creamer v. Bivert, 214 Mo. 473, 113 S. W. 1118; McKinney

v. Hutson, 336 Mo. 867, 81 S. W. (2d) 951.]'' [Hamra v. Simpson, 232 Mo. App. 158, 108 S. W. (2d) 777, 778; Steinhoff v. Kinder, supra.]

It is first urged by cross-claimant, Olive Mae Kerr, that the trial court erred ''in not holding that the appointment of the administrator was void and that the court was without jurisdiction to hear and determine the cause,'' on the theory that the court failed to issue citation to Ora Dean Kerr and that the said Ora Dean Kerr did not file a written renunciation of his right to administer.

Sections 7, 8, 9 and 10, R. S. Mo. 1939 (Mo. R. S. A.) govern the appointment of administrators and the granting of letters of administration by the probate court. They are set out as follows:

''Sec. 7. Persons entitled to priority in administering Letters of Administration shall be granted: First, to the husband or wife; secondly, to those who are entitled to distribution of the estate, or one or more of them, as the court or judge or clerk in vacation shall believe will best manage and preserve the estate: *Provided,* however, if the court, or judge in vacation, should believe no one of such persons entitled to administer is a competent and suitable person, some other person than those above mentioned may be appointed.''

''Sec. 8. Such persons failing to apply, others may be appointed.— If no such person apply for letters within thirty days after the death of the deceased, the court or judge or clerk may issue citation to him or them, on motion of any person interested, to appear and qualify for administration, giving at least five days' time for that purpose; and if the person or persons so cited fail to administer within the time appointed, letters may be granted to any person whom the court or judge or clerk in vacation may deem most suitable.''

''Sec. 9. Or, if they renounce, or are non-residents, others may be appointed.—Letters testamentary and of administration may at any time be granted to any person deemed suitable, if the person or persons entitled to preference file their renunciation thereof, in writing, with the clerk of the court, or if proof be made that no such persons reside in this state.''

''Sec. 10. Letters to non-residents prohibited—revoked, when.— Letters testamentary and of administration shall in no case be granted to a non-resident of this state; . . .''

It will be observed that Section 7, supra, fixes the order of preference in which letters of administration shall be granted. Originally, the section was mandatory and the court was wholly without discretion in the matter. However, in 1917, it was amended by adding the provision as shown above. [Laws of Mo., 1917, p. 93.] Under this provision the court is ''required to determine if those preferred by Section 7 or either of them are suitable and competent to administer the estate. In other words, the probate court is required to exercise

a discretion which, if not abused, cannot be interferred with by *mandamus*. Furthermore, said discretion cannot be controlled by those entitled to preference under the statute." [State ex rel. Smith v. Hull, 348 Mo. 48, 152 S. W. (2d) 106, 147 S. W. (2d) 214.]

Section 8, *supra*, provides when citation *may* issue to persons entitled to preference, *on motion of any person interested*, to appear and qualify for administration, and fixes the minimum time. (Italics ours.)

Ora Dean Kerr and Fern Marie Karner, son and daughter, respectively, of deceased, were the only persons entitled to distribution and within the permitted class. It is shown by the evidence that the son was a minor and was a member of the United States Army, stationed out of the State. He was absent from the State at the time of his father's death and at all times subsequent thereto. It is also shown that the daughter was given a citation under the provisions of Section 8, *supra*, and, failing to appear and qualify, forfeited her right to the appointment as administratrix. In this situation the court was within its right under the provisions of Section 9, when he, in the exercise of his discretion, appointed Charles Kerr as Administrator of the said estate. The judgment, in part, reads as follows:

"Now on this day comes before the Court Charles Kerr and proves to the Court that Ora Alfred Kerr died intestate with his domicile in Jasper County, Missouri, on the 14th day of December, 1942, and applies for letters of administration on said estate, and it appearing to the Court that a citation of Next of Kin was duly served upon Fern Marie Karner, the only resident heir of said estate entitled to distribution in said estate, and whereas the said Fern Marie Karner has failed to qualify as the administratrix of said estate, and the said Charles Kerr being a suitable and proper person and having made the necessary affidavits required by law, is hereby appointed administrator of the estate of Ora Alfred Kerr, deceased, and is ordered before entering upon the discharge of the duties of said office to enter into a bond to the State of Missouri, conditioned according to law in the sum of $200."

The appointment of Charles Kerr as Administrator was a judicial act and the judgment of the court in making such appointment is not subject to collateral attack; and if he acted within the power granted him by statute it cannot be attacked in a collateral proceeding. [State ex rel. Wilson v. Martin, 26 S. W. (2d) 834; State ex rel. Gregory v. Henderson, 230 Mo. App. 1, 88 S. W. (2d) 893; In Re Sheldon's Estate, 189 S. W. (2d) 235; State v. Anderson, 112 S. W. (2d) 857.]

It is our conclusion that, under the facts in the instant case and the law applicable thereto, the probate court had jurisdiction to appoint Charles Kerr as Administrator of the Estate of Ora Alfred Kerr, deceased.

Cross-claimants further contend that the lower court erred in ruling that the testimony of Olive Mae Kerr, concerning matters arising prior to the appointment of the administrator was inadmissible. In so ruling the court had in mind Section 1887, Revised Statutes Missouri, 1939 (Mo. R. S. A.) which provides:

". . . that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, . . . the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, and no party to such suit or proceeding whose right of action or defense is derived to him from one who is, or if living would be, subject to the foregoing disqualification, shall be admitted to testify in his own favor, except as in this section is provided, and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator: . . ."

When Olive Mae Kerr was offered as a witness plaintiff interposed an objection and the court withheld his ruling and admitted the testimony subject thereto. The substance of her testimony is set out in our statement and had to do with a contract or agreement entered into between herself, her husband and the insurance company at the time the policies in issue were taken out; also with respect to a subsequent agreement or assignment wherein she stated her former husband made an oral assignment of the policies to her and that she had paid all premiums on the policies from the time they were issued until the death of insured.

This court passed on the identical issue in the case of Davis v. Robb et al., 10 S. W. (2d) 680, loc. cit. 681. It is therein stated: "The latter part of the section, however, which provides that, 'where an executor or administrator is a party' to the suit, 'the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator,' is an arbitrary provision of the statute, is not open to construction and the construction given to the other parts of the statute does not apply to that provision.

"When an administrator is a party, the mouth of the adverse living party to the contract or cause of action on trial is closed as to all matters that occurred prior to the probate of the will or the appointment of the administrator, regardless of whether or not the other party, if living, could testify relative to the same matter."

[See cases cited.] [Schwalbert v. Konert, 76 S. W. (2d) 445, loc. cit. 452, 453; Kersey v. O'Day, 173 Mo. 560, 569, 571, 73 S. W. 481, 484.]

Cross-claimants rely on a long line of cases of which the case of Wahl v. Cunningham et al., 320 Mo. 57, 6 S. W. (2d) 576, 67 A. L. R. 489, and McConnon & Co. v. Kuhlmann, 278 S. W. 822, 220 Mo. App. 821, are typical. This line of cases lays down the rule that where the contract sued on was made on one side by two or more persons having joint interests, one of whom has died, that fact, of itself, does not disqualify the adverse party or the surviving co-contractors from testifying. Such cases are not in point. It is obvious that the claim sought to be established by cross-claimant, Olive Mae Kerr, is adverse to that of the administrator. In fact, the controversy here is between the administrator and deceased's former wife, and under no theory could their interests be joint or identical.

In the case of Slagle v. Callaway et al., 333 Mo. 1055, 64 S. W. (2d) 923, loc. cit. 927, our Supreme Court interprets cases such as the ones relied upon by cross-claimants. It is therein stated: ''It appears from an examination of these cases, and many other cases intervening between them, in which the rule is stated or applied, that the rationale of this line of authorities is that two parties on one side of the contract were in joint interest.''

In view of the statute, Section 1887, *supra*, and the decisions of our courts interpreting the same, the court properly excluded the testimony of cross-claimant, Olive Mae Kerr.

Cross-claimant, Olive Mae Kerr, contends that plaintiff, by cross-examination, waived the incompetency, if any, of her testimony, and in support thereof cites the case of Rauch v. Metz, 212 S. W. 357. This case is not parallel to the one at bar. The record shows that the court, in the instant case, stated: ''Let the record show that cross-claimants have introduced the testimony of Olive Mae Kerr, the divorced widow of Ora Alfred Kerr, and that the plaintiff, through counsel, has cross-examined said witness, both parties having asked questions and received answers concerning matters which arose prior to the appointment of Charles Kerr, the plaintiff, as administrator of the estate of Ora Alfred Kerr, deceased. The court is going to hear the testimony of this witness, subject to the objections that it concerns matters which took place prior to the appointment of the administrator and will reserve judgment on the admissibility of that evidence until the time that I pass on this case. It may be that I will reject the testimony of this witness on account of that statute. I am going to hear it and then make up my mind about the law on it later, so with that regulation by the court you can go ahead. I will let the bars down.'' At the close of Mrs. Kerr's evidence the court made its ruling rejecting the controversial evidence.

It is our conclusion that the court did not abuse his discretion in admitting the testimony temporarily and, subsequently rejecting same, and that plaintiff did not waive the incompetency of Mrs. Kerr to testify under such circumstances by his cross-examination. [Taylor v. Cayce, 97 Mo. 242, 10 S. W. 832.]

Shorn of the testimony of Mrs. Kerr, the record is barren of any evidence supporting cross-complainant's claim that the policies were issued for her sole benefit and to the effect that at the time of the procurement of the said insurance she was advised by defendant that if she paid the premiums on said policies she would be the beneficiary by reason of the facility payment clause in said policies. There is no evidence to support her contention that the policies were incorrectly written and that they do not express the intent and purpose of the parties. Neither is there substantial evidence that at the time of the separation of said Olive Mae Kerr and the deceased, that deceased handed the said policies to his then wife and told her that she could keep the same; that he would make no claim to them and that she kept the policies and paid the premiums thereon. Cross-claimant introduced the applications and they show on their face that they were signed by Ora A. Kerr; that in the blank space for the designation of the beneficiary, said space is crossed out in one application and left blank in the other. Had there been any agreement such as is pleaded by cross-claimant, surely the designation of Olive Mae Kerr as beneficiary would have appeared in the applications. The evidence as to the payment of premiums is sharply conflicting. There is evidence to support the fact that both the insured and his daughter paid some of the premiums; that the daughter first made claim for the benefits under the policies and, in her statement filed with the insurance company, stated in writing that the premiums were paid by her and her mother. However there is no evidence from which it may be determined the amount of the premiums paid by each.

Plaintiff is the administrator of the estate of Ora Alfred Kerr, deceased. The deceased personally made application for the policies sued on. The policies provide for the payment of the proceeds to the administrator of the deceased. Plaitniff, the administrator, has already paid the funeral expenses out of his own personal funds, all of which is shown by the record. If cross-claimant paid the premiums, as she contends and was in possession of the policies, that alone would not entitle her to the proceeds thereof. By the terms of the contract the insurance company agrees to pay the administrator. The Facility of Payment Clause vests the company with the right or option to pay the amount of the insurance to anyone falling within the class of persons therein described. However, "it does not, of itself, give to any such person the right of action on the policies." [Manning v. Prudential Ins. Co., 202 Mo. App. 124, 213 S. W. 897; Hood v. Prudential

Ins. Co., 227 Mo. App. 689, 56 S. W. (2d) 1066 ; Motley v. Metropolitan Ins. Co., 178 S. W. (2d) 791.]

Many complaints are made by cross-claimants aside from those we have discussed, but we do not deem them of sufficient importance to merit consideration in view of the exclusion of the testimony of Olive Mae Kerr.

Therefore, after full consideration of the facts and the law applicable thereto we approve the findings of the court below and its judgment is accordingly affirmed.

*Blair* and *Vandeventer, JJ.*, concur.