247 S.W.2d 872 (1952)
CANTRELL
v.
SHEPPARD.
No. 7056.
Springfield Court of Appeals, Missouri.
March 27, 1952.
Green & Green, West Plains, for appellant.
Robert L. Hyder, West Plains, for respondent.
McDOWELL, Judge.
This action is for the purchase price of an automobile and $75 attorney fees for failure to deliver title. The cause was tried in the Circuit Court of Oregon County, Missouri, before the court, resulting in a judgment for defendant. Plaintiff appealed.
*873 Plaintiff's third amended petition alleges that defendant, Grace Sheppard is the administratrix of the estate of Elmer Sheppard; that Elmer Sheppard, prior to his death, was in the automobile business; that on the 28th day of June, 1947, he purchased a 1941 Chevrolet Coach from Elmer Sheppard, who falsely claimed to own the same, and paid him, in cash, $1,075; that, at the time of the purchase of this automobile, a man by the name of Larkin was present; that Larkin had in his possession a 1947 Panel Chevrolet one-half ton truck, which he claimed to own and desired to sell.
Plaintiff alleges that Elmer Sheppard delivered to him the possession of the Chevrolet Coach and he turned the possession thereof over to Larkin in exchange for the possession of Larkin's one-half ton truck.
Plaintiff pleads that it was agreed between the parties that each should continue in possession of the respective automobiles until the following Thursday when titles would be completed by the respective parties.
Plaintiff's petition states that before the date titles were to be delivered, he learned that the half-ton truck was stolen and that Larkin was not the owner thereof. He states that Larkin had possession of the Chevrolet Coach, which he had purchased from Sheppard; that he could not repossess such automobile until title was transferred to him by defendant; that Elmer Sheppard was killed on the date title was to be transferred to him and his business continued to be operated by Grace Sheppard, his wife, who was appointed administratrix of the estate; that he demanded title from Grace Sheppard, which she refused to give and refused to assist plaintiff in recovery of such automobile.
Plaintiff states that Larkin sold the automobile to a party in Kansas and he was unable to recover the same without securing the original or duplicate title from defendant; that defendant refused to deliver such title or to join with him in a suit in Kansas to recover possession thereof after he offered to pay all expenses; that in the trial in Kansas he failed to recover such automobile because of lack of title; that after said suit in Kansas to recover possession of the Chevrolet Coach, plaintiff learned that Elmer Sheppard never had the record title.
Plaintiff pleads that by reason of the facts above stated he is unable to restore possession of the Chevrolet Coach to the estate of Elmer Sheppard and he pleads that because of the failure of Elmer Sheppard to furnish title to such car, he has been damaged in the sum of the purchase price thereof, to-wit, $1,075 and $75 for attorney fees paid in Kansas in the attempt to recover said car.
Defendant's answer admits she is the duly qualified and acting administratrix of the estate of Elmer Sheppard; that Elmer Sheppard was in the garage business at the time of his death and denies all of the other allegations in the petition.
The answer pleads that plaintiff's petition admits that he lost possession of the automobile by reason of violation of the statute and, therefore, is not entitled to recover; that plaintiff cannot recover because of failure to tender back the property obtained and then pleads that the matters in issue are res adjudicata.
The only admissible evidence offered in the case was by the witness, Mrs. Betty Cantrell, wife of plaintiff, who testified that she was present when plaintiff purchased the car from Sheppard on or about the 28th day of June, 1947. She gave this testimony:
"Q. Just state what the transaction was? A. What I heard, they were all supposed to meet on the following Thursday to close the deals because Mr. Sheppard could not find the title and they was all going to meet on Thursday and change titles but they couldn't close the deal that night because Leonard had to go to St. Louis that night. * * *
"Q. At that time did your husband purchase a car from Mr. Sheppard? A. Yes, sir, he did.
"Q. What kind of a car? A. 1941 Chevrolet.
"Q. What did he pay for that? A. $1075.00.
*874 "Q. Did you see him pay Mr. Sheppard? A. I did.
"Q. Did Mr. Sheppard, at that time, deliver any title to your husband? A. No, sir, he didn't. * * *
"Q. Did Mr. Sheppard, at that time, make any kind of statement why he was not giving the title at that time? A. Because he couldn't find it, he had misplaced it. * * *
"Q. You say Mr. Sheppard said he would deliver the title the following Thursday? A. Yes, sir."
The testimony shows that plaintiff attempted to recover the car in Kansas but failed because he had no title; that he demanded title of defendant and requested her to join him in an action to repossess the Chevrolet automobile in Kansas, which she refused. Plaintiff testified he paid a lawyer in Kansas $75 attorney fees.
Plaintiff admits he delivered the possession of the automobile to Larkin in a trade for a stolen truck and that he cannot return possession to the defendant.
Appellant's first assignment of error is that there was no evidence to support the finding and judgment in this case.
Where the question of the sufficiency of the evidence to support the judgment is raised, the appellate court shall review the case upon both the law and the evidence as in suits of equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Section 510.310, RSMo 1949, V.A.M.S.; Kerr v. Prudential Insurance Company of America, 238 Mo.App. 972, 194 S.W.2d 706.
The competency of appellant's wife to testify in this case as to the terms of the sale or purchase of the automobile in question is raised by respondent and, since appellant's case depends very largely upon the testimony of his wife, we deem it necessary to pass upon this objection first.
Section 491.010 RSMo 1949, V.A.M.S., reads as follows:
"No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, * * * provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, * * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, * * *."
We submit that appellant's wife is not a party to this lawsuit and, therefore, does not come under the statute which says, "* * * the other party to such contract or cause of action shall not be admitted to testify. * * *" Freeman v. Berberich, 332 Mo. 831, 60 S.W.2d 393, 396; McCutchan v. Kansas City Life Ins. Co. of Kansas City, Mo., Mo.App., 122 S. W.2d 59; Kerr v. Prudential Insurance Company of America, supra.
The facts in the case at bar are that appellant purchased a second hand Chevrolet Coach automobile from one, Sheppard, and paid him $1,075; that this transaction took place on Saturday and possession of the automobile was turned over to appellant with the understanding that they should meet on the next Thursday and Sheppard would deliver to appellant a certificate of title to the car so purchased.
In Fowler v. Golden, 240 Mo.App. 627, 212 S.W.2d 93, 94, the court states the law:
"An attempted sale of a used motor vehicle, in Missouri, without assignment and delivery of the certificate of ownership at the time, is fraudulent and void. Such a transaction as was here made is insufficient to pass title or right to possession. Riss & Company v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, loc. cit. 644, 151 A.L.R. 512; Riss & Company v. Wallace [239] Mo.App. [979], 195 S.W.2d 881, loc. cit. 884; Pearl v. Interstate Securities Company [357 Mo. 160], 206 S.W.2d 975, loc. cit. 977.
"In Boyer v. Garner, Mo.App., 15 S.W.2d 893, loc. cit. 894, a petition was held to state a cause of action where it was alleged that plaintiff had `contracted' to purchase an automobile for $150, *875 of which he had paid $100; that he had taken possession of the automobile and defendant agreed to assign and deliver certificate of ownership; that he had kept the automobile one month and then wrote defendant rescinding the contract and demanding return of his money. The court held that such a contract was `merely mala prohibita' and could be repudiated while it was executory, before delivery of the title, `provided he acts within a reasonable time and returns, or offers to return, the automobile which he agreed to purchase, in as good condition as when he received same.' In Riss & Company v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, loc. cit. 644 [151 A.L.R. 512], the Supreme Court said of the Garner decision, `We have no criticism of the ruling in that case, * * *' but the court held, 171 S.W.2d loc. cit. 645: `* * * the counterclaim does not contain proper averments to recover the sums which were paid on the purchase price of the motor vehicles. Defendant, by his counterclaim, does not state that he has tendered or will tender the vehicles back to plaintiff and, of course, he cannot retain them and also recover the purchase price. * * '
"True, he also prayed, if he could not get the car, that he have his money back; but he did not, at any time, `tender the car back in as good condition as it was in when he received it,' which is necessary prerequisite to rescission of a contract of sale where the rescinding party has received something of value. * * *"
Section 301.210 RSMo 1949, V.A.M.S., provides:
"* * * It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void."
There is serious question whether the testimony shows that the motor vehicle in question was ever registered under the laws of this state. The testimony, while not clear, indicates that Sheppard had purchased this car from someone in Arkansas and there is no testimony as to whether or not he ever had acquired title thereto. There can be no question that if the title had been registered in the name of Sheppard, then the sale was fraudulent and void.
We think there can be no question, under the authorities above cited, that when Sheppard sold the Chevrolet automobile, in question, to appellant and represented he had title to same, he was bound under the law to deliver that title with the automobile. We think under the law appellant had the right to rescind this contract and recover his money provided he tendered the automobile, which he had received, back in as good condition as it was at the time he received it. This he did not do and unless he can excuse the failure to so tender back such automobile, he cannot recover.
We do not agree with appellant's contention that the evidence shows that the car was delivered by Sheppard to Larkin but we think the court was fully justified in finding from the evidence that Sheppard delivered the car in question to appellant.
Appellant, under assignment of error No. III, says that the uncontradicted evidence shows that it was impossible for appellant to restore such automobile and that this impossibility was created as a result of respondent's unlawful, wrongful and fraudulent failure to assign the title to appellant or to aid him in recovering such automobile.
The facts in the case, again, show that appellant wrongfully turned the possession of the automobile in question over to Larkin, prior to the time that Sheppard agreed to transfer title to him. This wrongful action, on the part of appellant, placed the car beyond his control and made it impossible for him to rescind his contract with Sheppard by tendering back the car in as good *876 condition as it was when he received it. There is no testimony in this case to show that the automobile is in as good condition as it was at the time Sheppard delivered it to appellant and, therefore, there is no showing here that even had appellant recovered the car from the man in Kansas, he could have rescinded this agreement and recovered the whole purchase price.
Appellant cites Craig v. Rueseler Motor Co., Inc., Mo.App., 159 S.W.2d 374, to sustain his position that the sale of the Chevrolet automobile was fraudulent and void. This case holds that it shall be unlawful for any person to buy or sell in this state any motor vehicle registered under the laws of this state, unless the time of delivery thereof there shall pass between the parties the certificate of ownership with an assignment thereof endorsed thereon and any sale not in compliance therewith is fraudulent and void. We think that is the law.
We think the cases cited under assignment "C" of appellant's brief, holding that where no certificate of title is delivered, the sale is void and the consideration fails, properly state the law.
We agree with appellant's contention under "D", in which he states that where the certificate of title is not given, the purchaser may repudiate the contract and recover the purchase price provided he restores the automobile within a reasonable time.
However, we do not agree with appellant under point "E" where he contends he is excused from tendering back the automobile delivered to him, under the circumstances in this case. We think the failure to return the automobile was due to the wrongful acts of appellant and not to any fraud or wrongdoing of the respondent. The other cases cited by appellant are not in point under the facts in the case at bar.
Appellant, in his petition, pleads that after the proceedings he learned that Elmer Sheppard was never the record owner. If that be the fact, the estate of Elmer Sheppard, the respondent in this case, was in no position to join appellant in an action to recover the automobile in question, which was in the hands of a third party, solely by the acts of appellant.
Judgment affirmed.
VANDEVENTER, P. J., and BLAIR, J., concur.